IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 2:15-CR-0472-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| DYLANN STORM ROOF, | ) | |
| Defendant. | ) | |

The Defendant has been charged in a thirty-three (33) count indictment. Counts 13-21 (Obstruction of Exercise of Religion Resulting in Death) and 25-33 (Use of a Firearm to Commit Murder During and in Relation to a Crime of Violence) carry a possible penalty of death. 18 U.S.C. § § 247(a)(2), 247(d)(1), 924(c)(1)(A), 924(c)(1)(C), and 924(j)(1). At arraignment, the Defendant qualified for court appointed counsel and requested the appointment of two (2) counsel in this case.

Pursuant to 18 U.S.C. § 3005 a defendant charged with a capital crime who requests counsel is entitled to the assignment of two such counsel, at least one of whom shall be learned in the law applicable to capital cases.[1] In assigning counsel under this statute, the Court is to consider the

[1]Although counsel for the Government advised the Court at arraignment that a decision has not yet been made whether to seek the death penalty in this case, the statute requiring appointment of learned counsel upon a federal capital Defendant's request does not require, as a precondition, that the Government announce its intent to seek the death penalty. United States v. Boone, 245 F.3d 352, 358 (4th Cir. 2001) [holding "§ 3005 provides an absolute right to two attorneys in cases where death penalty may be imposed . . . ."]; United States v. Ledbetter, No. 14-127, 2015 WL 3463558, at * 2 (S.D.Ohio June 1, 2015) [Noting Fourth Circuit standard under Boone]; but see also U. S. v. Shepperson, 739 F.3d 176, 179 (4th Cir. 2014) [No affirmative duty to appoint a second attorney under § 3005 absent a request from the Defendant]; Boone, 245 F.3d at 359, n. 7.



recommendation of the Federal Public Defender. The required consultation has been undertaken in this case, and provisional appointments (pending arraignment and qualification of the Defendant) of Attorneys David I. Bruck and Michael P. O'Connell were made on July 23, 2015 and July 29, 2015, respectively.[2] As the Defendant has now requested and qualified for two (2) appointed counsel, it is appropriate to formalize these appointments at this time.

Mr. Bruck is a Professor of Law at the Washington and Lee University School of Law and has extensive experience representing death penalty defendants in trial and appellate courts, as well as the United States Supreme Court. He has also served as Federal Death Penalty Resource Counsel to the federal defender program, as Chair of the National Consortium for Capital Defense Training, and as Director of the Virginia Capital Case Clearinghouse. The Court finds that Mr. Bruck is "learned in the law applicable to capital cases" and appoints him as lead counsel for the Defendant. Mr. O'Connell also has significant experience handling capital cases, has served as a public defender at both the federal and state levels, and has served as a lecturer at CLE seminars at both the state and federal levels. As such, he is also "learned in the law applicable to capital cases". Mr. O'Connell is therefore appointed as the Defendant's second assigned counsel in this case. The Court further finds that this case presents the necessary "extraordinary circumstances" to allow for a waiver of the application requirements in Local Rule 57.I.03(B), D.S.C.

Accordingly, pursuant to 18 U.S.C. § 3005, and after consultation with the Federal Public Defender, **IT IS ORDERED** that David I. Bruck and Michael P. O'Connell are appointed as counsel for the Defendant. The Court, for now, also leaves in place the previous provisional appointment of Federal Public Defenders Ann Walsh and William F. Nettles, IV, pending further

---

[2] An earlier Order had also been filed on June 22, 2015 (Case No. 2:15-mc-218), provisionally appointing two attorneys from the Federal Public Defenders Office.

order of the District Judge with respect to those appointments.

**IT IS SO ORDERED.**

Bristow Marchant
United States Magistrate Judge

July 31, 2015
Charleston, South Carolina



