UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| vs. | ) | MOTION FOR DISCOVERY, |
| | ) | INSPECTION, AND INVENTORY |
| DYLANN STORM ROOF | ) | |

The defendant, DYLANN STORM ROOF, by and through his undersigned attorneys, hereby moves this Court for discovery and inspection pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and Rule 16 of the Federal Rules of Criminal Procedure to include the following:

1. Pursuant to Rule 16(a) (1) (A) and (B), any statement made by the defendant within the possession, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.   Any statement prepared by a witness which contains a reference to statements made by the defendant.

    "Government" as used throughout this document, includes any federal, state, or local entity having any role or performing any service in connection with this case.

    "Statement" as used throughout this document, includes any oral or written or recorded expression, comment, conversation, acknowledgment or admission, or physical expression.

2. The prior criminal record of the defendant pursuant to Rule 16 (a)(1)((D).

3. An inventory of all tangible evidence in the possession and control of the government, together with a description of the time and date when it was obtained, as well as a description of the circumstances under which it was obtained.

4. Pursuant to Rule 16(a)(1)(E), all books, papers, documents, photographs

        or tangible objects which are in the possession, custody or control of the government, and have any role or connection with this case, including but not limited to any handwritten notes taken by any investigating agents and all exhibits which the government may or intends to offer at trial.

5. Pursuant to Rule 16(a)(1)(F), the results or reports of physical or mental examinations, or scientific tests or experiments, as well as the pertinent chain of custody for the items examined, which are
    (i)  within the possession, custody or control of the government;
    (ii) the attorney for the government knows, or by the exercise of due diligence could know that the item exists.

6. Pursuant to Rule 16(a)(1)(G) a written summary of any expert witness testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

7. All evidence favorable to the defendant, or which would be helpful in the preparation of a defense or in mitigation of punishment. This includes, but is not limited to, the following:

    (a) All information relevant to the credibility of any government witness;
    (b) All information concerning the conduct, character and reputation of any such witness which is relevant to his or her truthfulness or untruthfulness;
    (c) The criminal record of such witness';
    (d) The substance of any agreement, or proposed agreement, either oral or written, made in the name of the government to any witness, the subject of which deals either directly or indirectly with promises of favored treatment or leniency in return for either pleas of guilty, <u>nolo</u> <u>contendere</u> or favorable testimony in this case or any other criminal or civil case;
    (e) All names and present addresses of persons who have any knowledge of the existence of any evidence which might be relevant to acts charged as a crime in the Indictment against the defendant, including persons who will be witnesses for the government or will not be called as witnesses by the government;
    (h) The transcript of testimony before the Grand Jury in this case;

8. All statements of witnesses producible under Title 18, United States Code, Section 3500, the Jencks Act, at least seventy-two (72) hours prior to trial.

9. Pursuant to the provisions of Title 18, United States Code, Section 2518(9):

    (a) All records relating to intercepted wire or oral communications and/or any evidence discovered there from.

10. All court orders and requests for court orders authorizing and requesting monitoring of any and all communications to or from the defendant while in custody, and the substance of all monitored communications, with or without court order or notice.

11. The defendant moves pursuant to Rule 12(b), Federal Rules of Criminal Procedure for notice of the government's intention to use any evidence at trial which may be subject to a motion to suppress.

This request is a continuing request for such information as it becomes known to the government and its agents.

Respectfully submitted,

*s/David    I.    Bruck*
David I. Bruck
Washington and Lee School of Law
Lexington, Virginia
Attorney for Defendant
(540) 458-8188
Attorney ID#: 1535

*s/Michael    P.    O'Connell*
Michael P. O.Connell
Stirling & O'Connell
109 Wappoo Creek Drive
Suite 2B
Charleston, SC 29412
(843) 577-9890
Attorney ID#: 2915

*s/William    F.    Nettles,    IV*
William F. Nettles, IV

Assistant Federal Public Defender
c/o McMillan Federal Building
401 W. Evans Street, Suite 105
Florence, South Carolina 29501
(843) 662-1510
Attorney ID#: 5935

*s/Ann          Briks          Walsh*
Ann Briks Walsh
Assistant Federal Public Defender
P.O. Box 876
Charleston, S.C.   29402
(843) 727-4148
Attorney ID #5102

August 3, 2015