IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 2:15-CR-00472-RMG |
| v. | ) ) |  |
| DYLANN STORM ROOF | ) ) ) | **EX PARTE** <br> **UNDER SEAL** |

### NOTICE OF INTENT TO FILE MOTIONS

On June 1, 2016, the Court ordered that the Government provide a list of all pretrial motions it presently anticipates filing in this matter and the dates by which it anticipates filing these motions. While most of the pretrial motion practice will be initiated by the defense, the following issues *may* require affirmative briefing from the Government.[1]

(1) Proposed Jury Selection Procedures (July 25, 2016)

    a. The Government anticipates reaching an agreement on many of these issues but expects that the Court will want discussion about the relative roles to be played by the Court and counsel in conducting juror questioning; the nature, scope, and extent of such questioning; the size of the group to be questioned (potentially including individual questioning); the content of the jury questionnaire, etc.

(2) Proposed Rule 12.2 Procedures (June 24, 2016)

    a. The Government anticipates, based on prior experience in capital cases, that there may be disagreement about the completeness of the Defense's Rule 12.2 disclosures, the means of permitting a responsive Rule 12.2 expert(s) for the

---

[1] Of course, the Government reserves, to the extent possible, the right to make additional filings in response to issues arising the course of this litigation. Additionally, this listing does not include the issues of disagreement raised in the proposed schedule submitted to the Court on June 3, 2016 (*i.e.*, Rule 12.2 disclosure deadline, defense witness list, and penalty-phase expert disclosures).

      Government to examine the Defendant, the use of firewall counsel in conjunction with the Government's Rule 12.2 expert(s), etc.

(3) Motion Requesting List of Proposed Mitigating Factors (August 15, 2016)

    a. While the Government's notice has provided the statutory and non-statutory aggravating factors and hopes that the defense will similarly provide a list of their proposed mitigating factors, a motion may become necessary to obtain such information a reasonable time prior to the time for filing motions in limine.

(4) Motion to Compel Reciprocal Discovery (August 15, 2016)

    a. While the Government hopes that the defense will provide reciprocal discovery in a timely manner in response to the Government's previously filed Motion for Reciprocal Discovery, a motion compelling such information may become necessary.

(5) Motion Challenging Defense Penalty-Phase Experts (September 5, 2016)

    a. While the Government is not aware of the nature or substance of any potential penalty-phase experts, prior death penalty cases suggest that there may be litigation over the use of certain penalty-phase experts proffered by the Defense.

(6) Motions in Limine Addressing Evidentiary Issues (October 4, 2016)

    a. While the Government is not aware of the nature of the evidence sought to be introduced or brought out by the Defense, prior death penalty cases suggest, in particular, that there will be motions addressing the timing, manner, and scope of information offered during the guilt and the penalty phase. Among the penalty-phase issues that may be addressed are the propriety of certain mitigating factors

and of the evidence sought to be introduced to support mitigating factors; unsworn allocution; lay opinions on the appropriate sentence, etc.

                    Respectfully submitted,

                    WILLIAM N. NETTLES
                    UNITED STATES ATTORNEY

                    BY: s/*Julius N. Richardson*
                    JULIUS N. RICHARDSON (ID #9823)
                    Assistant United States Attorney
                    1441 Main Street, Suite 500
                    Columbia, SC 29201

June 6, 2016            Tel. (803) 929-3000