IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No. 2:15-472-RMG |
| vs. ) | |
| ) | |
| Dylann Storm Roof, ) | **ORDER** |
| ) | |
| _____ ) | |

The Court conducted a status conference in the above-captioned matter on June 7, 2016, to respond to the joint request of the parties that the matter be set for trial beginning November 7, 2016. The Court reviewed a proposed scheduling order submitted by the parties and made suggestions for alterations to provide for a more orderly and timely disposition of pretrial issues. All suggested changes in the proposed scheduling order made by the Court were accepted by counsel for the Government and the Defendant. Counsel for the Government and the Defendant confirmed on the record that the case would be ready for trial on November 7, 2016, and that the parties would have sufficient time to adequately investigate the case, conduct the research, file the necessary motions, and otherwise prepare effectively for trial in accord with the proposed scheduling order. The Court, in reliance upon the representations and assurances of counsel for the Government and the Defendant, set the trial to begin on November 7, 2016, with the commencement of individual voir dire.

While the Court is preparing a comprehensive scheduling order in the matter, the Court finds it necessary to issue an interim scheduling order to address matters that need to be completed over the next several weeks:

1. The Defendant is directed to file on or before June 10, 2016, a notice of intent to waive or demand a jury trial. The Government may file a response on or before June 21, 2016.

2. The parties are directed on or before June 15, 2016, to set forth any objections to the use of the standard juror questionnaire of the District of South Carolina to be sent to prospective jurors at the time of the issuance of the juror summons.

3. The Defendant is directed to advise the Court on or before June 15, 2016, whether he wishes to attend the phase of the jury selection process planned for September 26-30, 2016, in which prospective jurors will be brought to the federal courthouse and asked to complete a case specific questionnaire.

4. The Defendant is directed to advise the Court on or before June 15, 2016, whether the Defendant prefers the pool of prospective jurors to be drawn from the Charleston and Beaufort Divisions (Area C of the Amended Jury Selection Plan of the District of South Carolina) or a statewide venire (Areas A, B, C and D of the Amended Jury Selection Plan of the District of South Carolina.). If the Defendant prefers that jurors be drawn from Area C, the Defendant is to advise the Court at the time of the filing whether he intends to move for a change in venue.

5. The parties are directed to confer on the matter of Rule 12.2 procedures and to submit to the Court on or before June 24, 2016, a joint proposal regarding any areas of common agreement and separate proposals for any areas in dispute. The parties may file responses to the proposals of the opposing party on or before July 1, 2016.

6. The parties are directed to confer on the matter of jury selection procedures and to submit to the Court on or before June 24, 2016, a joint proposal regarding any areas of common agreement and separates proposals regarding any areas in dispute. The parties may file responses to the proposals of the opposing party on or before July 1, 2016.

7. The Defendant is directed to file on or before June 27, 2016, a memorandum of law setting forth any objections to the disclosure of experts not governed by Rule 12.2 whom Defendant intends to use during the sentencing phase of the trial. The Government may file a response on or before July 7, 2016.

8. The Defendant is directed to file on or before June 27, 2016, a memorandum of law setting forth any objections to the disclosure of the Defendant's witness list prior to jury selection. The Government may file a response on or before July 7, 2016.

9. The Government is directed on or before June 27, 2016, to file a memorandum of law setting forth its basis for asserting that the Defendant should be required to disclose a list of mitigating factors. The Defendant may file a response on or before July 7, 2016.

10. The Defendant is directed to file on or before June 27, 2016, an *Atkins* notice if he desires to file such a notice in this case.

//

//

//

AND IT IS SO ORDERED.

                                                     Richard Mark Gergel
                                                     United States District Judge

June 7, 2016
Charleston, South Carolina

-4-