IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 2:15-CR-00472-RMG |
| v. | ) ) |  |
| DYLANN STORM ROOF | ) ) |  |

**GOVERNMENT'S REQUEST FOR DISTRICT-WIDE JURY POOL
IF ROOF REFUSES TO WAIVE ANY VENUE CHALLENGE**

On June 7, 2016, the Court ordered the Defendant to advise the Court of its preferred geographic scope from which to draw prospective jurors. The Court further ordered that should the Defendant prefer jurors drawn from Area C, then the Defendant was to advise whether he intends to file a motion for change of venue. On June 15, 2016, the Defendant notified the Court that he preferred a jury drawn from Area C but made no reference to venue. The Court then issued an order again requiring the Defendant to provide notice of his intent to raise a venue challenge by June 17, 2016. The Government encourages the Court to use a Charleston-area jury venire if Roof waives any venue challenge to having the trial in Charleston with a venire from Area C. However, if Roof refuses to affirmatively waive such a challenge, the Government believes the Court should utilize a district-wide venire.

The Jury Selection Plan for the District of South Carolina (established in conformity with the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861 et seq.), permits a district-wide (or centralized) petit jury upon order of the Chief Judge. *See* Jury Selection Plan at 6 (3:14-mc-

1

338, at ww.scd.uscourts.gov/StandingOrders/Jury/Amended_Jury_Selection_Plan.pdf).[1] The use of district-wide panels in this case may well be prudent unless Roof waives any venue challenge. While the attack on parishioners of Mother Emanuel on June 17, 2016, affected the entire state – and indeed, the nation – its effects have been felt most strongly in and around Charleston. The degree of publicity and the potential for a putative juror to have a connection to the multitude of Charleston-area individuals directly impacted by the attack has the potential to create a situation where Roof could subsequently attempt to challenge venue because the venire was drawn only from the Charleston area (*i.e.*, Area C). The use of a district-wide venire would help mitigate the types of issues that Roof may try to use to challenge trying this case in Charleston before a Charleston-area jury. *See generally Skilling v. United States*, 561 U.S. 358, 377-95 (2010); *In re Tsarnaev*, 780 F.3d 14, 20-28 (1st Cir. 2015). Thus, absent a waiver of any venue challenge by Roof, the Government requests this Court consider using a district-wide venire.

Respectfully submitted,

BETH DRAKE
ACTING UNITED STATES ATTORNEY
DISTRICT OF SOUTH CAROLINA

BY: s/*Julius N. Richardson*
JULIUS N. RICHARDSON (ID #9823)
NATHAN WILLIAMS
Assistant United States Attorneys
1441 Main Street, Suite 500

---

[1] The Sixth Amendment provides in pertinent part that "the accused shall enjoy the right to a ... public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. Amend. VI. Trial judges have the discretion to order that a jury be drawn from an entire federal district or from a division of that district. *See generally United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972) (upholding conviction from trial with pool of potential jurors drawn from outside the division where defendant lived); *United States v. Grisham*, 63 F.3d 1074, 1081 (11th Cir. 1995) (upholding conviction where jury selection was district-wide).

June 16, 2016

Columbia, SC 29201
Tel. (803) 929-3000