IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**JOINT PROPOSAL WITH RESPECT TO JURY SELECTION PROCEDURES**

The Court's Order of June 7, 2016, Dkt. No. 179, requires the parties to confer on the matter of jury selection procedures and to submit to the Court on or before June 24, 2016, a joint proposal regarding any areas of common agreement and separate proposals regarding any areas in dispute.

On June 14 and 21, counsel for the government and for the defendant met and agreed upon the following jury selection procedures. The areas of dispute are reflected in the left and right hand columns of the attached chart. The areas of common agreement are reflected in the center column.

| **Government Proposal** | **Agreed-Upon Procedures** | **Defense Proposal** |
|---|---|---|
| | The Clerk shall send the Standard Juror Questionnaire along with a jury summons to each of some 1200-1500 persons whose names are randomly drawn from the master jury wheel. | |
| The jurors are to be randomly drawn from a district-wide venire unless Roof waives any venue challenge. *See* DE 194. | | The jurors are to be randomly drawn from the Charleston and Beaufort Divisions (Area C of the Amended Jury Selection Plan of the District of South Carolina). |
| | Appropriate follow-up for undeliverable and unreturned summons shall include: | |

- For those summonses which are returned as undeliverable: the Clerk shall make note and seal the undeliverable summons for the Court file.

- For those standard questionnaire that are not returned by their due date: a second summons and standard questionnaire, along with a cover letter saying that it is important to return the standard questionnaire or respond on-line, or face appropriate penalties as set by the Court for failure to respond.

Within five days after the due date for the return of the standard questionnaires by the Clerk's office, the Clerk shall identify for the Court and the parties all jurors who appear to be ineligible, exempt, or otherwise disqualified based on their standard questionnaire responses. The parties shall be afforded three days thereafter to object to the excusal of any juror so identified, and to request that the juror be required to appear during the week of September 26, 2016 (as discussed more fully below) to fill out a supplemental case-specific questionnaire and for possible voir dire examination.

With respect to transfers or excusals based on jurors' answers on Form JA SCD 203, "Request for Jury Service Postponement / Excuse," the Clerk's office shall, within five days after the due date for the return, provide these forms to the parties along with the jurors' completed standard questionnaires. Thereafter, the parties shall have three days to request further inquiry by the Court regarding any particular requested excuse or deferral.

The Clerk's Office shall maintain, under seal, the original draw, any undeliverable summons or summons that received no response, and a list of any disqualified, exempted, or excused jurors (along with any request forms or questionnaires associated with those jurors).

On or before August 15, 2016, the parties shall submit a supplemental case-specific juror questionnaire on which there is common agreement. The parties shall also submit on that

2

| | | |
|---|---|---|
| | same date any questions to be included on the supplemental questionnaire which the presenting party supports, but which have not been agreed to by the opposing party. (DE 180, paragraph 9). Any areas of disagreement shall be resolved by further Order of the Court.<br><br>On or before September 12, 2016, the Court shall finalize and propose to the parties a case specific juror questionnaire, and allow each side until September 16, 2016 to lodge any objections thereto.<br><br>On or before September 16, 2016, the parties shall submit proposed jury charges for all phases of the trial. (DE 180, paragraph 11).<br><br>On September 26, 2016, at 9:30 a.m., the first group of 200 prospective jurors ("Panel A") will gather in the Jury Assembly Room. The group will be sworn, introduced to the defendant, counsel for all parties and the Court, and receive preliminary instructions from the Court. The defendant shall be present while the group receives the preliminary instructions from the Court.<br><br>The Jury Administrator, or his delegate, shall collect the completed questionnaires. After each juror completes his or her questionnaire, he or she may be excused with instructions to return on or after November 7, 2016, as instructed via a call-in number for the juror information line.<br><br>On September 26, 2016, at 2:00 p.m., the second group of approximately 200 prospective jurors ("Panel B") will gather in the Jury Assembly Room. The procedures described above shall be followed for Panel B. The process will be repeated on September 27 through September 30, 2016, or until all potential jurors have filled out their case specific jury questionnaire.<br><br>The Jury Administrator, or his delegate, will digitally scan that day's completed questionnaires and provide copies via digital thumb drive to the parties as soon as practicable. A representative of each party shall sign an Acknowledgement of Receipt for each digital | |

3

| | | |
|---|---|---|
| | thumb drive received.<br><br>On or before 5:00 pm on Thursday, October 20, 2016, the parties shall confer and agree on any jurors in the entire group who should be excused for cause based on the answers to their specific questionnaires, or on any other information known to the parties and the court.<br><br>On or before 5:00 p.m. on Friday, October 21, 2016, the parties shall jointly file under seal a report stating which of the prospective jurors the parties agree should be excused for cause. The parties shall state the basis, whether an answer to a question or other information.<br><br>The Court shall advise the Clerk as to which jurors have been excused by consent.<br><br>The Clerk thereafter divides jurors who have not been excused into 25 member panels, retaining the order established by their juror numbers.<br><br>The first 25-member panel is directed to report to the Courtroom at 9:30 a.m. on November 7, 2015.<br><br>The Court provides preliminary instructions, and directs the panel to the Jury Assembly room. | |
| Individual sequestered voir dire then commences. Each juror is brought into the courtroom by juror number and questioned by the Court. Limited, and non-duplicative, follow-up questions may be submitted to the Court by counsel. | | Individual sequestered voir dire then commences. Each juror is brought into a chambers conference room or the courtroom by juror number, seated in an informal seating arrangement at a table with the Court and counsel and the defendant, and questioned by the Court, with follow-up questioning permitted by counsel for the government and the defense. Questioning may include possible bias for or against the accused, and views regarding the death penalty and life |

4

| | | imprisonment. |
|---|---|---|
| | Questioning on private or sensitive topics may be conducted in such a manner as to safeguard juror privacy, in the Court's discretion. | |
| | At the conclusion of voir dire examination of each juror, the juror is excused so that the Court may entertain and rule upon challenges for cause, if any. | |
| | Additional 25-member panels will be directed to report to the Jury Assembly room as necessary to assure a sufficient supply of jurors. | |
| Voir dire examination and cause challenges continue day to day until 70 jurors are qualified (23 strikes per side plus 12 jurors and 6 alternates along with 6 extras in case of last-minute issues). In accord with the Court's standard procedure, the parties will then exercise their preemptory strikes from that qualified panel based on their established juror numbers. | | When any juror is found qualified, the parties will be required to notify the Court in writing whether they will peremptorily challenge the juror. The juror will not be informed at that time as to whether he or she has been challenged or accepted.<br><br>The jurors will be questioned, presented and peremptorily challenged in the order established by their juror numbers, and in no other order.<br><br>The juror returns to the conference room or to the courtroom and is thanked and dismissed, or else instructed how to determine when to return.<br><br>Voir dire examination, cause challenges, and preemptory challenges continue from day to day until a jury of twelve members and six alternates has been selected. |

5

A separate document will be filed by each party outlining the parties' respective positions regarding the areas that remain in dispute, including: (1) the district-wide vs. Area C venire; (2) attorney-conducted follow-up questioning of individual jurors; and (3) the manner in which peremptory strikes are to be exercised.

Respectfully submitted,

| | |
|---|---|
| s/ *David I. Bruck* | BETH DRAKE |
| David I. Bruck | ACTING UNITED STATES ATTORNEY |
| Washington & Lee School of Law | |
| Lexington VA 24450 | BY: s/*Julius N. Richardson* |
| 540-458-8188 | JULIUS N. RICHARDSON (ID #9823) |
| bruckd@wlu.edu | NATHAN WILLIAMS |
| | Assistant United States Attorneys |
| Michael P. O'Connell | 1441 Main Street, Suite 500 |
| PO Box 828 | Columbia, SC 29201 |
| Mt. Pleasant, SC 29464 | Tel. (803) 929-3000 |
| 843-577-9890 | |
| moconnell@stirlingoconnell.com | |

Attorneys for Dylann S. Roof

June 23, 2016