IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) Criminal No. 2:15-CR-00472-RMG <br> ) |
| v. | ) <br> ) |
| DYLANN STORM ROOF | ) <br> ) |

**GOVERNMENT'S MOTION FOR PRE-TRIAL DISCLOSURE OF
DEFENDANT'S PROPOSED MITIGATING FACTORS**

Pursuant to the Court's June 7, 2016, Scheduling Order, the government respectfully requests that the Court order the defendant to disclose in advance of trial a list of the mitigating factors on which he will rely in the punishment phase of trial. As Judge O'Toole cogently explained in the Boston Marathon bombing case, this Court should exercise its discretion to require pre-trial disclosure to allow for the fair and meaningful exercise of the government's right of rebuttal, to help ensure the selection of an impartial jury, and to contribute to the truth-seeking process of trial. Order, *United States v. Tsarnaev*, No. 13-CR-10200-GAO (D. Mass. Sept. 24, 2014) (DE 577; attached as Exhibit 1) (hereinafter *Tsarnaev Order*).

### A. The Court Should Exercise Its Well-Established Discretion to Order the Pre-Trial Disclosure of Defendant's Proposed Mitigating Factors

The Federal Death Penalty Act (the "FDPA") requires the government to give capital defendants notice of aggravating factors a reasonable time before trial. 18 U.S.C. § 3593(a). While the FDPA does not expressly impose a reciprocal duty on the defense, requiring pre-trial notice of mitigating factors is well within the Court's discretion.

*Tsarnaev Order* at 9 (citing *United States v. Wilson*, 493 F. Supp. 2d 464, 466-67 (E.D.N.Y. 2006); *United States v. Taveras*, No. 04-CR-156 (JBW), 2006 WL 1875339, at *8-9 (E.D.N.Y. July 5, 2006); *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 115-17 (D.P.R. 2005)). Pre-trial disclosure of the defendant's proposed mitigating factors is necessary to ensure the government has a meaningful opportunity to exercise its statutory right to rebut any information the defendant seeks to present in the punishment phase of trial. *Tsarnaev Order* at 9 (citing *Catalan Roman*, 376 F. Supp. 2d at 116-17; *Wilson*, 493 F. Supp. 2d at 466); *see also* 18 U.S.C. § 3593(c) ("The government and the defendant shall be permitted to rebut any information received at the [penalty phase] hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death."). Without sufficient time to investigate and prepare to rebut the defendant's proposed mitigating factors, this right of rebuttal is illusory, and the penalty phase effectively will become a trial by ambush that undermines the fairness and the truth-seeking function of sentencing. *Cf. Michigan v. Lucas*, 500 U.S. 145, 150-51 (1991) (stating that notice requirements are "a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system.") (internal quotation marks and citation omitted).[1]

---

[1] Defendants in recent federal capital cases, have attempted – even after court orders to consolidate and reduce the number of mitigating factors – to present lengthy lists of mitigating factors. *See United States v. Sampson*, Case No. 01-CR-10384 (D. Mass. June 3, 2016) (DE 2288; attached as Exhibit 2) (reducing the defendant's proposed list of proposed mitigating factors to 203 factors). The prospect of investigating and responding to such lists underscores the need for pre-trial disclosure.

2

In addition to being necessary to a meaningful right of rebuttal, Judge O'Toole recognized "the disclosure of [mitigating] information may be necessary to select a fair and impartial jury." *Tsarnaev Order* at 9. As just one example, if a defendant were to seek to rely on substance use or abuse as a mitigating factor, then the government and the Court should be able to consider substance use-related answers during the jury selection process as providing the basis for challenging a juror, *see* Standard Questionnaire Nos. 35 & 40. Furthermore, pre-trial disclosure of mitigating factors also will allow for efficient litigation related to any proposed mitigating factors. Just as Defendant may attempt to strike one or more of the aggravating factors set forth in the government's notice by the Court's August 1 deadline, *see* Order at ¶ 8 (June 9, 2016), the government may object to mitigating factors proposed by the defendant. This Court's ability to review the propriety of Defendant's proposed mitigating factors would be enhanced substantially by a disclosure schedule that allows its deliberation to occur prior to trial based on input from reasonably informed parties, rather than waiting until the middle of trial for disclosure and review.

Pre-trial disclosure also will help ensure the parties are able to comply with the defendant's requested trial setting and the trial schedule based on that request. For the reasons already discussed, the government's ability to investigate, review, and consider the defendant's mitigation evidence in preparation for the penalty phase of trial will be significantly hampered if the defendant is not required to disclose his proposed mitigating factors until after the guilt phase of trial. Lack of pre-trial disclosure would significantly increase the likelihood that the government would need to request a substantial delay

between the guilt and penalty phases of trial to effectively investigate and respond to the defendant's mitigation information.

Other courts have granted similar requests for disclosure of mitigation information in federal capital cases. For example, in *Catalan Roman*, the court explained that "[w]here faced with procedural gaps arising under the FDPA because of its silence regarding disclosure, courts are crafting appropriate procedures pursuant to their inherent powers, importing standards from the Federal Rules." *Catalan Roman*, 376 F. Supp. 2d at 115 (applying Fed. R. Crim. P. 16 and 57(b) to capital sentencing hearing to require disclosure of non-mental health mitigation). Thus, the court held that "the fair and efficient administration of justice, avoiding surprise and ensuring an informed sentencing determination" militated in favor of pre-trial disclosure of non-mental health mitigating factors. *Id*. at 114; *see also United States v. Sampson*, Case No. 01-CR-10384 at 2 (D. Mass. Mar. 19, 2014) (DE 1319; attached as Exhibit 3) (ordering the defendant to provide pre-trial notice of the mitigating factors he may seek to prove at trial); *Taveras*, 2006 WL 1875339, at *8-9 (noting that the defendant provided a pre-trial list of 109 mitigating factors pursuant to court order granting government's motion for reciprocal discovery of mitigating factors).

Finally, the government's request for pre-trial disclosure does not raise any Fifth Amendment concerns. As in *Tsarnaev*, the government will not seek to use the list of mitigating factors as a statement against the defendant at trial. *Tsarnaev Order* at 9. Moreover, prior to any punishment phase in this case, the defendant will be required to disclose to the jury the mitigating factors he pursues. As other courts have recognized,

"there is no constitutional violation by requiring a defendant to disclose mitigating information he intended to offer the jury anyway." *Catalan Roman*, 376 F. Supp. 2d at 117.

### B.     The Court Should Order Disclosure by October 1

To facilitate the goals set forth above, the Court should order the pre-trial disclosure of mitigating factors. Pre-trial disclosure of the mitigating factors is necessary to provide for a fair right of rebuttal, permit timely and efficient challenges to the proposed factors, select an impartial jury, and contribute to the truth-seeking process of trial. *See Tsarnaev Order* at 10 (ordering disclosure three weeks prior to jury selection); *Taveras*, 2006 WL 1875339, at *8-9 (noting that the defendant provided a pre-trial list of mitigating factors pursuant to court order); *cf. Lucas,* 500 U.S. at 149 (recognizing that accelerating disclosures of a particular defense does not violate a defendant's constitutional rights "because a criminal trial is not 'a poker game in which players enjoy an absolute right always to conceal their cards until played'") (quoting *Williams v. Florida*, 399 U.S. 78, 82 (1970).

Disclosure in advance of the motion in limine deadline (September 1) would permit timely litigation over the propriety of the factors. If later disclosure is necessary, a deadline of October 1, 2016, also would serve the interests discussed above. *Cf. Wilson*, 493 F. Supp. 2d at 524 (striking mitigating factors not disclosed pursuant to the Court's order, except where the defendant had shown good cause for not providing notice or the inclusion of the factor did not prejudice the government).

Thus, for the reasons expressed by the Court in *Tsarnaev* and the cases cited above, this Court should exercise its inherent authority to compel Defendant to provide pre-trial disclosure of his proposed mitigating factors by October 1, 2016.

                                    Respectfully submitted,
                                    BETH DRAKE
                                    ACTING UNITED STATES ATTORNEY

                                    BY: s/*Julius N. Richardson*
                                    JULIUS N. RICHARDSON (ID #9823)
                                    NATHAN WILLIAMS
                                    Assistant United States Attorneys
                                    1441 Main Street, Suite 500
                                    Columbia, SC 29201
June 27, 2016                       Tel. (803) 929-3000