IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No. 15-472-RMG |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dylann Storm Roof. | ) | |
| | ) | |

Before the Court is Defendant's motion for a bill of particulars (Dkt. No. 234). For the reasons set forth below, the Court grants the motion and orders the Government to file a bill of particulars regarding the interstate commerce nexus for Counts 13–24 of the indictment on or before July 25, 2016.

I.  **Background**

Defendant Dylann Roof is accused of killing nine persons and attempting to kill three other persons at the Emanuel African Methodist Episcopal Church in Charleston, South Carolina on June 17, 2015. On July 22, 2015, the Grand Jury indicted Defendant for multiple counts of three offenses: Counts 1–12 allege violation of 18 U.S.C. § 249 (the Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act of 2009), Counts 13–24 allege violation of 18 U.S.C. § 247 (the Church Arson Prevention Act of 1996); and Counts 25–33 allege violation of 18 U.S.C. § 924 (use of a firearm in relation to a crime of violence). On July 5, 2016, Defendant moved to dismiss the indictment, arguing, *inter alia*, that Counts 13–24 of the indictment should be dismissed because the indictment alleges that the Defendant's actions "were in and affected interstate commerce" without describing any connection between the Defendant's actions and interstate commerce. (Mot. to Dismiss 11–12, Dkt. No. 233.) On the same day, Defendant moved separately for a bill of particulars regarding the interstate commerce nexus for Counts 13–24 of the indictment. (Mot.

Bill Particulars, Dkt. No. 234.) The Government opposes Defendant's motion for a bill of particulars. (Resp. Mot. Bill Particulars, Dkt. No. 247.)

## II. Legal Standard

Rule 7(f) of the Federal Rules of Criminal Procedure provides,

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"[T]he purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934–35 (4th Cir. 1973). "The indictment notifies [the defendant] of the offenses with which it has been charged; the bill of particulars, if granted, serves to supply the evidentiary details needed to prepare a defense." *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987). "A bill of particulars identifies for the defendant the area within which the government's chief evidence will fall" but it is not a "detailed disclosure of the government's evidence in advance of trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (internal quotation marks omitted).

The decision to grant a bill of particulars is within the sound discretion of the district court. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973).

## III. Discussion

The Government alleges that Defendant violated 18 U.S.C. § 247, which provides, in relevant part,

> (a) Whoever, in any of the circumstances referred to in subsection (b) of this section—
>
> . . .

> (2) intentionally obstructs, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so; shall be punished as provided in subsection (d).
>
> (b) The circumstances referred to in subsection (a) are that the offense is in or affects interstate or foreign commerce.

A nexus with interstate commerce, therefore, is an essential element of the offense. *See United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 773 n.6 (E.D. Va. 2004) (defining "essential element of the offense"). The indictment's allegations regarding an interstate commerce nexus closely track the statutory language, alleging that the Defendant's actions were "in and affected interstate commerce." (Indictment ¶¶ 16, 18.) Defendant, however, argues that "the government's allegations provide insufficient information on the nature of the charge" because the indictment "does not specify what any of these actions were." (Mot. 2.) More precisely, although the indictment does specify what actions were "in and affected interstate commerce"—Defendant's alleged obstruction by force of the victims' free exercise of religion—it provides no explanation of the nexus between those actions and interstate commerce, and, according to Defendant, such explanation is needed to prepare a defense.

The Government responds that a bill of particulars is unnecessary. The Court respectfully disagrees. The indictment's use of statutory language generally describes the offense but may not provide the defense sufficient information about the alleged interstate commerce nexus in this case. The general rule is that if an indictment tracking statutory language nonetheless does not provide enough information to prepare a defense, then the proper remedy is a bill of particulars. *Am. Waste Fibers Co.*, 809 F.2d at 1046–47. Thus, this Court's practice has been to order a bill of particulars where more detail is needed regarding an alleged nexus with interstate commerce. *See, e.g.*, Motion Hearing Transcript 28:3–13, *United States v. Grooms*, Crim. No. 3:09-1174 (D.S.C. Feb.

17, 2010) (ordering a bill of particulars regarding the alleged interstate commerce nexus of cockfighting charges).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for a bill of particulars (Dkt. No. 234) and **ORDERS** the Government to file a bill of particulars regarding the interstate commerce nexus for Counts 13–24 of the indictment on or before July 25, 2016.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 1/2016
Charleston, South Carolina