IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**FILED EX PARTE AND UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CASE NO.: 2:15-CR-472 |
| ) | |
| DYLANN STORM ROOF    ) | |

**MOTION FOR PROTECTIVE ORDER REGARDING DISCLOSURE OF TEST DATA TO COUNSEL AND MEMORANDUM IN SUPPORT**

In order to facilitate the mental status investigation in this matter, and to ensure that the participation of the expert involved, Rachel Loftin, Ph.D, complies with relevant ethical standards in her field, the defense requests that the Court issue a protective order providing for disclosure of raw test data and test materials to counsel, and requiring that the data remain confidential, be used only in connection with this case, and be destroyed at the conclusion of the proceedings, as described in the proposed order attached to this motion.[1]

Two separate, but related, issues motivate concerns about disclosure of test data to non-mental health professionals. First, the disclosure of raw test data raises privacy concerns for the test subject.[2] Second, the disclosure of test materials – which

---

[1] Counsel also will submit a proposed order by email, in Word format, as specified in the Court's procedures.

[2] These are moot here, because the release will be made to the subject's counsel, who arranged the evaluation and retained the doctor. Further, the defendant was notified at the outset of the evaluation confidentiality would be limited because this was a forensic evaluation and that information derived from it would be shared with his counsel.

1

necessarily occurs to some extent in connection with disclosure of some of the data and which is further necessitated because counsel are required to fully understand the tests in order to first evaluate and then present the expert's conclusions – implicates protection of the tests themselves. The tests are copyrighted, but more importantly, public dissemination of their contents would undermine the validity of future results obtained from the instruments, since they are based on the assumption that test-takers have not been previously exposed to their contents.

The American Psychological Association has adopted two ethical rules governing disclosure of test results to address these concerns. Standard 9.04 governs release of test data,[3] and Standard 9.11 governs maintaining test security.[4] *See* http://www.apa.org/ethics/code. The rules require professionals to make efforts to protect both the subject's right to confidentiality and the integrity of the test, and they suggest – among other things – that a court order may be useful in accomplishing these

---

[3] Standard 9.04, Release of Test Data, reads: "(a) The term test data refers to raw and scaled scores, client/patient responses to test questions or stimuli, and psychologists' notes and recordings concerning client/patient statements and behavior during an examination. Those portions of test materials that include client/patient responses are included in the definition of test data. Pursuant to a client/patient release, psychologists provide test data to the client/patient or other persons identified in the release. Psychologists may refrain from releasing test data to protect a client/patient or others from substantial harm or misuse or misrepresentation of the data or the test, recognizing that in many instances release of confidential information under these circumstances is regulated by law. (*See* also Standard 9.11, 'Maintaining Test Security.') (b) In the absence of a client/patient release, psychologists provide test data only as required by law or court order."

[4] Standard 9.11, Maintaining Test Security, reads: "The term test materials refers to manuals, instruments, protocols, and test questions or stimuli and does not include test data as defined in Standard 9.04, Release of Test Data. Psychologists make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to this Ethics Code."

goals.  *See* APA, Ethical Principles of Psychologists and Code of Conduct 9.04, 9.11 (2010), available at http://www.apa.org/ethics/code.

     Dr. Loftin has conducted testing in this matter, the results of which are important to the development of the defense penalty-phase case.  The defense requests that the Court issue a protective order directing Dr. Loftin to disclose her test-related material (including raw data, notes, test booklets and interpretive manuals) to defense counsel, subject to conditions that protect these documents by restricting their further dissemination and requiring their destruction at the conclusion of this case (including any appellate and post-conviction proceedings).  This will establish a record that Dr. Loftin has taken all possible steps to protect the confidentiality of the material, and avoid any concern about either the defendant's privacy or test security.  We have outlined conditions in the attached proposed order that we believe adequately address both the ethical issues and the needs of the case as it proceeds, including possible future disclosure to government counsel and post-conviction litigation, should there be a guilty verdict at trial.

For these reasons, the defense requests that the Court enter a protective order directing Dr. Loftin to share her test data with counsel subject to the protections described.

        Respectfully submitted,

        s/ *Sarah S. Gannett*
        Sarah S. Gannett
        Assistant Federal Public Defender
        Federal Public Defender for the District of Arizona
        850 W. Adams Street, Suite 201
        Phoenix, AZ 85007
        602-382-2862
        sarah_gannett@fd.org

        David I. Bruck
        Washington & Lee School of Law
        Lexington VA 24450
        540-458-8188
        bruckd@wlu.edu

        Kimberly C. Stevens
        Capital Resource Counsel
        Assistant Federal Public Defender, District of Oregon
        1070-1 Tunnel Road, Suite 10-215
        Asheville, NC 28805
        (336) 788-3779 - telephone
        kim_stevens@fd.org

        Attorneys for Dylann S. Roof

**EXHIBIT**

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**[PROPOSED] PROTECTIVE ORDER REGARDING
DISCLOSURE OF TESTING DATA**

It is hereby ordered that Dr. Rachel Loftin provide to defense counsel copies of all data obtained in the course of, and relevant to, her evaluation of Dylann S. Roof, including raw test data, test materials (*e.g.*, test booklets and interpretive manuals), and notes.

It is further ordered that to protect the security of psychological test materials, the raw data, test booklets, interpretive manuals and other test-related material disclosed by Dr. Loftin will be subject to this protective order.

Specifically, it is ordered that all of these materials are to be provided to defense counsel for use only in connection with their representation of this defendant in the above captioned case. At present, the materials may be further disclosed only to agents of the defense for purposes of their work on this case, and the materials shall not be disclosed

5

further. Defense counsel shall ensure that any individual receiving these materials is apprised that he or she is bound by the terms of this protective order.

At the appropriate time, defense counsel may be required to share these protected materials with the prosecution or agents of the prosecution. It is therefore further ordered that at such time, a copy of this protective order shall be provided to the prosecution and/or its agents, who will similarly be bound by its terms.

It is further ordered that at the conclusion of this case (including any appeal and post-conviction proceedings), the test materials and data will be destroyed by any members of the defense and prosecution to whom they have been disclosed.

This order is issued *ex parte* and shall be maintained under seal.

SO ORDERED.

Dated: _____

_____
Richard M. Gergel
United States District Judge