IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENSE DISCLOSURE OF MITIGATING FACTORS**
**NOT DIRECTLY RELATED TO MENTAL HEALTH**

The defendant, through counsel, gives notice of intent to offer evidence of the

following statutory and non-statutory mitigating factors that are not directly related to

mental health.

Statutory Mitigating Factor

    18 U.S.C. § 3592(a)(5):  **No prior criminal record**. – The defendant did not

    have a significant prior history of other criminal conduct.[1]

Non-statutory Mitigating Factors

    1.  Dylann Roof was born on April 3, 1994, and so had just turned twenty-one

        at the time of the offense.

---

[1] With regard to the other mitigating factors enumerated in 18 U.S.C. § 3592, the defense does not intend to offer evidence of duress, (a)(2); minor participation, (a)(3); equally culpable defendants, (a)(4); or victim's consent, (a)(7).

2. Dylann Roof has offered to plead guilty as charged and to be sentenced life in prison without the possibility of release, knowing that the effect of this guilty plea would be that he would die in prison.

3. Due to his small size, youth, and notoriety, a sentence of life in prison without the possibility of release will be especially onerous for Dylann Roof, because the danger of violence he will face from other inmates will require that he serve his life sentence under isolating conditions of confinement.

4. A sentence of life in prison without the possibility of release will be especially onerous for Dylann Roof because he will serve his entire life sentence in fear of being targeted by other inmates.

5. Dylann Roof cooperated with arresting authorities.

6. Dylann Roof confessed to his crimes.

7. Dylann Roof has no prior history of violent behavior.

8. In light of Dylann Roof's youth, a sentence of life in prison without the possibility of release offers the possibility of redemption and change.

We note that under the Eighth Amendment and the Federal Death Penalty Act, no list of pretrial disclosures may limit the defense presentation of mitigating evidence at trial. *See Lockett v. Ohio*, 438 U.S. 586, 604-605 (1978) (capital sentencer may "not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death"); 18 U.S.C. § 3592(a)(8) (authorizing submission of

"other factors in the defendant's background, record, or character or any other

circumstance of the offense that mitigate against imposition of the death sentence).

Respectfully submitted,

s/ *Sarah S. Gannett*
Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender, District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
(336) 788-3779 - telephone
kim_stevens@fd.org

Attorneys for Dylann S. Roof