IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | Criminal No.:  2:15-472-RMG |
| | ) | |
| vs. | ) | |
| | ) | OBJECTION TO CLOSURE OF |
| Dylann Storm Roof, | ) | COURTROOM AND REQUEST FOR HEARING |
| _____ | ) | |

WCBD TV News 2 ("WCBD") respectfully objects to the Court closing the courtroom for the Defendant Dylann Storm Roof's second motion to suppress, set for hearing on Thursday, September 1, 2016 at 10 a.m. (Dkt. 306).  In its Order providing notice of its intention the Court gave interested parties the opportunity to object.  As a member of the press, WCBD is an interested party.  WCBD also requests a hearing on its objection and the matter of closing.

The stated reason for the proposed closure is to protect the defendant's Sixth Amendment right to a fair trial.  Closing the courtroom may very well -- and likely will -- have the unintended opposite effect.  Because of the enormous amount of publicity and news coverage that has already occurred concerning this case, there is a considerable probability that closing the courtroom will in fact undermine the defendant's right to a fair trial by creating widespread suspicion that a blanket is being thrown over truth, and justice is being pushed aside by canny lawyers and the court.  The last thing that the Court should do is close the courtroom.

Under the First Amendment, there is a strong presumption in favor of open criminal court proceedings.  *Ex parte Hearst-Argyle Television, Inc.*, 369 S.C. 69, 74 (S.C. 2006) (citing *In re Charlotte Observer,* 882 F.2d 850, 852 (4th Cir. 1989), and *In re Knight Publishing Co.,* 743 F.2d 231, 234 (4th Cir. 1984)).  This First Amendment right of access to criminal pretrial suppression hearings has long been recognized in this circuit and elsewhere.  *See In re Washington Post*, 807 F.2d 383, 389 (4th Cir. 1986) (collecting cases); *Hearst-Argyle Television,* 369 S.C. at 76 n. 5.  This presumption may be

overcome only by an overriding interest based on specific findings that closure is necessary to preserve "higher values," and the closure must be narrowly tailored to serve that interest. *Hearst-Argyle Television*, 369 S.C. at 74 (citing *In re Charlotte Observer*, 882 F.2d at 852-53).

The Fourth Circuit has established a three-prong test for trial courts to use in deciding if pretrial proceedings may be closed to the press and/or the public in order to protect a defendant's right to a fair trial. Such proceedings may be closed only if the district judge makes specific judicial findings that (1) there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity; (2) there is a substantial probability that closure would prevent that prejudice; and (3) reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights. *In re S. Carolina Press Ass'n*, 946 F.2d 1037, 1041 (4th Cir. 1991). The trial court must list specific findings justifying closure so an appellate court may review the decision and determine its correctness. *Knight Publishing*, 743 F.2d 231, 234 (4th Cir. 1984).

The purpose of a criminal pretrial suppression hearing is usually to determine the circumstances under which allegedly inculpatory information was obtained. Frequently, the court can conduct a suppression hearing without eliciting the specific inculpatory information. Instead, its inquiry can be upon the circumstances, namely the conduct of law enforcement, rather than upon the alleged inculpatory facts, which concern action of the accused. That, plus discussion of the law, should be sufficient.

This was exactly the approach endorsed by the South Carolina Supreme Court in *Hearst-Argyle Television*, in which the trial court wrongly closed a pretrial suppression hearing in a death penalty case. The Court found that "to limit the hearing to legal arguments addressing suppression would be sufficient." *Id.*

WCBD stands behind its First Amendment right to attend this pretrial suppression hearing. For the reasons stated herein, WCBD objects to the closure of the September 1, 2016 suppression

hearing, asks that the Court keep the hearing open to the press and the public, and requests a hearing on its objection and the matter at hand.

 Respectfully,

         <u>/s/ Carl F. Muller</u>
         Carl F. Muller  Fed ID No. 3602
         Carl F. Muller, Attorney at Law, P.A.
         607 Pendleton Street, Suite 201
         Greenville, SC 29601
         864-991-8904
         carl@carlmullerlaw.com

Greenville, SC

August 26, 2016