**FEDERAL PUBLIC DEFENDER**
**District of Arizona**
850 W. Adams, Suite 201
Phoenix, Arizona 85007

**JON M. SANDS**
**Federal Public Defender**

602-382-2700
(Fax) 602-382-2800
1-800-758-7053

August 30, 2016

The Honorable Richard M. Gergel
United States District Court for the District of South Carolina
Charleston Division
J. Waties Waring Judicial Center
P. O. Box 835
Charleston, SC 29402

    Re:    *United States v. Dylann Storm Roof*
           Docket No. 15-00472

Dear Judge Gergel:

    We write in support of the Court's notice that it intends to seal the suppression hearing scheduled for September 1, 2016, to the public. Sealing of the hearing is consistent with the law, despite the First Amendment interests at stake, because it protects other important values and because no alternative to full sealing of the proceeding is feasible. The Court need only issue specific findings in support of its order. See *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

    The Supreme Court has recognized that "[p]ublicity concerning pretrial suppression hearings poses special risks of unfairness," because "[t]he whole purpose of such hearings is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury." *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979). While this does not mean that every suppression hearing need be sealed, this Court has correctly recognized that in a case involving significant pretrial publicity and sensitive pretrial litigation, prudence is warranted, *cf.* Dkt. 322.

    At stake here, along with the First Amendment rights of the press, are the defendant's Sixth Amendment rights to a fair and impartial jury and to effective assistance of counsel (through the attorney-client privilege). Disclosure of the materials at issue in the suppression motion would result in widespread and prejudicial pretrial publicity that could not help but infect the venire at a time proximate to jury selection, which commences in a few weeks. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Counsel are aware of

The Honorable Richard M. Gergel
August 30, 2016
Page 2

no other case implicating both of these important rights. In fact, *Knight Publishing*, cited by those objecting to sealing, involved a case in which the jury had already been selected. *See In re Knight Pub. Co.*, 743 F.2d 231, 232 (1984).

Alternatives to full sealing of the hearing – such as partial sealing or redaction of the items at issue – are not feasible here.[1] The facts requiring sealing are so intertwined with the required testimony and legal argument that it would be impossible to maintain boundaries around the prejudicial material. ▮

Nor is voir dire the answer. The issue here does not involve the generalized pretrial publicity that attends any high-profile federal case. *Compare Skilling v. United States*, 561 U.S. 358, 384 (2010). It involves specific, ▮ evidence. ▮ No questioning of potential jurors would be adequate to address coverage of the scheduled hearing.[4]

---

[1] The Court has indicated that it may unseal certain documents following trial. That alternative was approved in *Gannett Co.*, and may be workable here. *See Gannett Co.*, 443 U.S. at 393.

[2] ▮

[3] ▮

[4] Indeed, opening the hearing risks requiring reconsideration of change of venue, a matter the parties had put to rest, and which would interrupt the proceedings.

The Honorable Richard M. Gergel
August 30, 2016
Page 3

      For these reasons, we respectfully request that the Court seal Thursday's suppression hearing.

                Respectfully submitted,

                s/ *Sarah S. Gannett*
                Sarah S. Gannett
                Assistant Federal Public Defender
                Federal Public Defender for the District of Arizona
                850 W. Adams Street, Suite 201
                Phoenix, AZ 85007
                602-382-2862
                sarah_gannett@fd.org

                David I. Bruck
                Washington & Lee School of Law
                Lexington VA 24450
                540-458-8188
                bruckd@wlu.edu

                Kimberly C. Stevens
                Capital Resource Counsel
                Assistant Federal Public Defender for the
                District of Oregon
                1070-1 Tunnel Road, Suite 10-215
                Asheville, NC 28805
                336-788-3779
                kim_stevens@fd.org

                Attorneys for Dylann S. Roof

cc:    Julius N. Richardson, Assistant United States Attorney