**Juror # 12**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. Some people may not oppose the death penalty but be unwilling to sentence someone to death themselves. If you found Mr. Roof guilty, and you decided that the death penalty was the appropriate punishment based on the evidence and legal instruction from the Court, could you personally vote for the death penalty?

5. With respect to Question 28, explain what you mean by needing to hear "all the evidence" in order to agree with the death penalty?

   a. Would that view affect your ability to vote for or against the death penalty?

6. With respect to Question 29, why do you believe that life without parole may be a worse punishment than the death penalty?

   a. If, after hearing all the evidence, you decide the defendant should receive the most severe sentence available under the law, which sentence would you choose – death or life without parole?

   b. Would your views affect your ability to vote for or against the death penalty?

7. Would your experience as an elementary school teacher affect your ability to vote for the death penalty?

   a. With respect to Question 37, can you describe the workshops?

   b. Would your training and experience affect your ability to be fair and impartial in deciding this case based and the facts presented in court?

**Juror # 15**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. With respect to Question 28, explain your concern about those found innocent years later?

   a. Would that concern affect your ability to vote for or against the death penalty?

**Juror # 19**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. Would your experience as a psychiatry nurse (Q37) affect your ability to evaluate any mental health evidence offered in the case?

   a. Would you be able to set aside your training in and experience with psychiatry to decide this case based and the facts presented in court?

**Juror # 20**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

**Juror # 24**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. In Q24, you indicated your son knows Dylann Roof's uncle. How does he know him and what is the nature of the relationship?

    a. Would that relationship impact your ability to be a fair and impartial juror?

5. With respect to Question 33A, you indicated you had an opinion about whether the defendant should or should not receive the death penalty.  What is that opinion and how strongly do you hold it?

    b. In Question 33B, you indicate that you could set aside that opinion. Are you able to do so?

6. In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that you are in favor of the death penalty but could vote for or against it depending on the facts and law in the case; and in Q33 you indicated that you did not presently have an opinion about the appropriate punishment for Dylann Roof.

    The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty.  If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

**Juror # 27**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. Some people may not oppose the death penalty but be unwilling to sentence someone to death themselves. If you found Mr. Roof guilty, and you decided that the death penalty was the appropriate punishment based on the evidence and legal instruction from the Court, could you personally vote for the death penalty?

5. With respect to Question 37, can you describe your experience dealing with your siblings?

    a. Would your experience affect your ability to be fair and impartial in deciding this case based and the facts presented in court?

6. Follow-up on Question 45 (discussing brother's manslaughter conviction) to identify how, if at all, it would affect her jury service.

**Juror # 34**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

**Juror # 39**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that you have no definite opinion about the death penalty and in Q33 that you did not presently have an opinion about the appropriate punishment for Dylann Roof.

   The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty. If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

**Juror # 40**

Government's Proposed Voir Dire Questions

1.  Do you know any of the potential witnesses include on the list of individuals provided?

2.  Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3.  Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4.  You indicated in your case-specific questionnaire that your wife and daughter had some connection to one of the victims; would the connections you indicated influence your ability to be fair and impartial in this case?

5.  With respect to Question 37, can you describe your experience dealing with your sister's ex-husband?

    a.  In the initial questionnaire, you indicated in Q43 that you could not be fair in a case involving personal injury or disability.  In the case-specific questionnaire you indicated in Q15 that you could be fair and impartial concerning mental health testimony. Could you be fair and impartial in deciding a case potentially involving mental health evidence regarding a mental disorder?

    b.  Would your experience or opinions affect your ability to be fair and impartial in deciding this case based and the facts presented in court?

**Juror # 46**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

    a. You indicated in Question 28 that you were not sure that you could vote for the death penalty and in Question 32b you indicated that your views would make it very hard for you to vote to impose the death penalty.

       Some people may not oppose death penalty but be unwilling to sentence someone to death themselves. If you found Mr. Roof guilty, and you decided that the death penalty was the appropriate punishment based on the evidence and legal instruction from the Court, could you personally vote for the death penalty?

    b. In question 40, you indicated that your religious faith might influence your decision; can you explain what you mean?

3. In question 18B, you indicate that you believed Roof was a young guy that was not raised the right way. Can you explain what you mean?

**Juror # 50**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. In the questionnaire you filled out online, you indicated in Q17 that you did volunteer work with children. Would that experience affect your ability to vote for the death penalty?

5. In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that you have no definite opinion about the death penalty and in Q33 that you did not presently have an opinion about the appropriate punishment for Dylann Roof.

   The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty. If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

**Juror # 56**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. With respect to Question 28, would any evidence of mental disorder or abuse history prevent you from voting to impose the death penalty?

**Juror # 66**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

    a. You indicated in Question 28 that you did not believe in the death penalty based on faith and spiritual belief and in Question 32b you indicated that your views would make it very hard for you to vote to impose the death penalty.

    Some people may not oppose the death penalty but be unwilling to sentence someone to death themselves. If you found Mr. Roof guilty, and you decided that the death penalty was the appropriate punishment based on the evidence and legal instruction from the Court, could you personally vote for the death penalty?

    b. In question 40, you reiterated that your religious faith might influence your decision; can you explain what you mean?

3. During the September hearings, you did not show up on your appointed day. Why did you fail to show up?

    c. Will you be able to show up on time and attend each day of the trial?

**Juror # 67**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

    a. You indicated in Question 28 that the death penalty was harsh and unjust and in Question 32b you indicated that your views would make it very hard for you to vote to impose the death penalty.

    Some people may not oppose the death penalty but be unwilling to sentence someone to death themselves. If you found Mr. Roof guilty, and you decided that the death penalty was the appropriate punishment based on the evidence and legal instruction from the Court, could you personally vote for the death penalty?

3. With respect to Q40, can you describe how your belief in individuals' inherent dignity and equal access to all rights would influence your decision whether to impose the death penalty?

4. In Question 18B, you indicated that while you would not speculate as to Roof's mental health, you believed it would certainly take a very disturbed person to commit his crimes. Could you fairly evaluate mental health testimony, including potential testimony that Roof did not have a mental health disorder in light of this belief?

5. In question 23, you indicated that you maintained a blog. Can you describe its contents?

    b. Could you agree to not post on your blog during this trial?

    c. Have you posted any blogs about the events leading up to this trial?

**Juror # 70**

Government's Proposed Voir Dire Questions

1.  Do you know any of the potential witnesses include on the list of individuals provided?

2.  Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3.  In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that while you were in favor of the death penalty, you could vote for or against it depending on the facts and the law in the case and in Q33 that you did not presently have an opinion about the appropriate punishment for Dylann Roof.

    The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty. If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

**Juror # 78**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. With respect to Question 29, why do you believe that life without parole may be a worse punishment than the death penalty?

   a. If, after hearing all the evidence, you decide the defendant should receive the most severe sentence available under the law, which sentence would you choose – death or life without parole?
   b. Would your views affect your ability to vote for or against the death penalty?

5. In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that while you were in favor of the death penalty, you could vote for or against it depending on the facts and the law in the case and in Q33 that you did not presently have an opinion about the appropriate punishment for Dylann Roof.

   The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty. If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

6. With respect to Question 33B, you indicated that you did not know whether you presently have an opinion whether the defendant should or should not receive the death penalty. Is that still your opinion?

7. With respect to Question 37, can you describe the study and work you have done?

   a. Would your training and experience affect your ability to be fair and impartial in deciding this case based and the facts presented in court?
   b. With respect to your son, would his condition and your experiences impact your ability to be fair and impartial?

**Juror # 81**

Government's Proposed Voir Dire Questions

1.  Do you know any of the potential witnesses include on the list of individuals provided?

2.  Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3.  Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4.  With respect to Question 33A, you indicated you had an opinion about whether the defendant should or should not receive the death penalty.  What is that opinion and how strongly do you hold it?

    a.  In Question 33B, you indicate that you could set aside that opinion. Are you able to do so?

5.  In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that you were in favor of the death penalty and that your views would make it very hard to vote for any other sentence.

    The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty.  If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

**Juror # 84**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

    a. You indicated in Question 28 that you personally did not believe in the death penalty and in Question 32b you indicated that your views would either mean you will never vote to impose it or would make it very hard for you to vote to impose the death penalty.

       Would your beliefs interfere with your ability to impose the death penalty in this case?

    b. In question 40, you indicated that you did not believe in the death penalty; can you explain how that would influence your decision in this case?

**Juror # 86**

Government's Proposed Voir Dire Questions

1.  Do you know any of the potential witnesses include on the list of individuals provided?

2.  Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

    a.  You indicated in Question 28 that you were not sure if you could impose the death penalty and that you believe in "thou shall not kill."

       Some people may not oppose the death penalty but be unwilling to sentence someone to death themselves. If you found Mr. Roof guilty, and you decided that the death penalty was the appropriate punishment based on the evidence and legal instruction from the Court, could you personally vote for the death penalty?

3.  With respect to Q40, you describe your religious beliefs as a strong factor in your decision. Could you set aside your religious beliefs if the conflicted with the instructions provided by the Judge?

4.  With respect to Question 37, can you describe the contact and care work you have done with those with mental illness, disability or disorders?

    a.  Would your training and experience affect your ability to be fair and impartial in deciding this case based and the facts presented in court?

8.  In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that you have no definite opinion about the death penalty and in Q33 that you did not presently have an opinion about the appropriate punishment for Dylann Roof.

    The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty. If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

**Juror # 93**

Government's Proposed Voir Dire Questions

1. Do you know any of the potential witnesses include on the list of individuals provided?

2. Are you committed to voting against the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

3. Are you committed to voting for the death penalty in this case regardless of the facts presented at trial and the legal instructions provided?

4. With respect to Questions 28 and 29, why do you believe that life without parole may be a worse punishment than the death penalty?

    a. If, after hearing all the evidence, you decide the defendant should receive the most severe sentence available under the law, which sentence would you choose – death or life without parole?

    b. Would your views affect your ability to vote for or against the death penalty?

5. In the case-specific questionnaire, you indicated in Q31 that the death penalty should always be imposed when someone commits certain types of murder. You also indicated in Q32 that while either you had no definite opinion or were in favor of the death penalty, you could vote for or against it depending on the facts and the law in the case and in Q33 that you did not presently have an opinion about the appropriate punishment for Dylann Roof.

    The law requires a jury in a death penalty case to consider and weigh the facts of the case before deciding what punishment should be imposed, including mitigating facts that would support a decision of life imprisonment rather than the death penalty.  If the government proves that the defendant committed the types of murders described in your answer, would you be able to follow an instruction stating that you must consider any mitigating facts when deciding whether to impose the death penalty, or would you always vote to impose the death penalty without considering any mitigating facts?

6. Follow-up on Q35 regarding her ability to avoid media coverage.

7. With respect to Q40, you indicate that you were not sure how your religious faith would influence your decision. Can you explain?

    a. Could you set aside your religious beliefs if the conflicted with the instructions provided by the Judge?