# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| vs. ) | Criminal No. 2:15-472-RMG |
| ) | |
| Dylann Storm Roof, ) | |
| ) | **ORDER** |
| Defendant. ) | (Under Seal) |
| ) | |

This matter comes before the Court on Defendant's motion that certain procedures be adopted for the pending competency hearing in this matter. Defendant's request would create a complicated multi-stage competency procedure and limit the Government's access to the report of the court-appointed competency examiner, Dr. James Ballenger. (Dkt. No. 578).[1] For reasons set forth below, Defendant's motion is denied.

## Factual Background

On November 7, 2016, the first day of individual voir dire for jury selection, defense counsel raised for the first time issues concerning Defendant's competency to stand trial. This followed the disclosure that Defendant had written an unsolicited letter to the Government prosecutors, indicating that he opposed the mental health mitigation evidence proposed to be presented on his behalf by his attorneys because he believes such evidence to be untrue. (Dkt. No. 545). An *ex parte* hearing was conducted that same day, November 7, 2016, in which Defendant was questioned by the Court regarding his letter to the prosecutors. Defense counsel

---

[1] Public version available at Dkt. No. 581-1.

also shared with the Court, outside of Defendant's presence, counsel's concerns regarding Defendant's competency. (Dkt. No. 556)  Based upon counsel's statements regarding Defendant's alleged lack of competency and the Court's obligation to presume the truthfulness of any evidence of incompetence that was presented,[2] the Court ordered, on November 7, 2016, that a competency hearing be conducted. (Dkt. No. 559).  James Ballenger, M.D., was appointed as the court's examiner.  Dr. Ballenger conducted multiple sessions with the Defendant over the ensuing days and issued a report to the Court on November 15, 2016.

While the court-ordered competency examination was being conducted, Defendant filed a motion proposing an elaborate set of procedures for the disclosure of the examiner's report. These proposals include a staged disclosure of the competency report, with initially only the defense obtaining access to Dr. Ballenger's report.  Under the defense proposal, if the Defendant were to challenge the competency report, an ex parte hearing would be conducted relating to proposed redactions of the examiner's report.  Once the redacted report was finalized, a Government firewall counsel would be appointed to address competency related issues and would be provided access only to the redacted competency report. (Dkt. No. 578 at 3-6).  This approach, defense counsel argues, is necessary to preserve the attorney-client privilege. (*Id.* at 5).

This proposal is contrary to the clearly delineated, straightforward procedures for the conduct of a competency hearing under 18 U.S.C. § 4247.  Under these well-established procedures, the report of the court appointed examiner "shall be . . . provided to counsel for the person examined and to the attorney for the Government." § 4247(c).  A hearing is then

---

[2] "The trial court must 'look at the record as a whole and accept as true all evidence of possible incompetence' in determining whether to order a competency hearing." *United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995) (citations omitted).

-2-

conducted in which Defendant is represented by counsel and is allowed to testify, present evidence, subpoena witnesses and confront and cross examine witnesses who appear at the hearing. § 4247(d). The hearing is adversarial in nature and Defendant bears the burden of proving incompetence by a preponderance of the evidence. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005). Because the proceeding is a significant stage of the criminal process, Defendant has the right to be present at the hearing. *United States v. Barfield*, 969 F. 2d 1554, 1556 (4th Cir. 1992).

A competency determination is a narrowly focused inquiry into whether Defendant "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense . . ." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). The Court must determine whether Defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

Defense counsel's concerns about violation of the attorney-client privilege in Defendant's competency proceeding is, in the Court's view, greatly overblown. As the court noted in *United States v. Maxton*, No. 13-CR-00411-PAB, 2013 WL 6800695, at *3–4 (D. Colo. Dec. 24, 2013), defense counsel in a competency proceeding is implicitly authorized "to reveal basic facts and observations underlying his belief that [the defendant] is not competent to stand trial" without "the wholesale waiver of attorney-client privileges" or disclosure of attorney-client communications. Thus, as the Ninth Circuit noted in *Darrow v. Gunn*, 594 F.2d 767, 774 (9th Cir. 1979), an "attorney's observation and impression of the mental condition of his client are not

privileged." *See also People v. Kinder*, 512 N.Y.S.2d 597, 599 (N.Y. App. Div. 1987) ("Consistent with its purpose, the privilege protects from disclosure the substance of communications, not the demeanor and mental capacity of the client during these communications . . .").

Defense counsel's concerns that mental health evidence presented in Dr. Ballenger's competency report or during the competency hearing will violate Rule 12.2 or require a *Kastigar* hearing are similarly overblown. Rule 12.2(c)(2) provides

> the results and reports of any examination conducted solely under Rule 12.2(c)(1) after notice under Rule 12.2(b)(2) must be sealed and must not be disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition.

By its plain language, Rule 12.2(c)(2) does not protect from disclosure reports of competency examinations because court-ordered competency examinations under 18 U.S.C. § 4241 are not conducted "after notice under Rule 12.2(b)(2)."

Furthermore, Rule 12.2(c)(2) prohibits disclosure of certain *Government* expert reports and results conducted under Rule 12.2(c)(1)(B) to "*any attorney for the government or the defendant* unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on mental condition." (emphasis added). The only reports and results that arguably fall within this category pertain to the MMPI-2 and PAI administered by Dr. Dietz.[3] In his professional judgment, Dr. Ballenger decided that his competency evaluation would be improved by including the results from these

---

[3] The Court notes that Dr. Wagner administered one of the same tests (the PAI) to Defendant at Dr. Ballenger's request and that Dr. Ballenger called the results "similar to each other, and to the MMPI-II." (Dr. Ballenger's Report at 20).

-4-

previously administered test. (*See* Dkt. No. 594). Neither party objected,[4] and Dr. Ballenger incorporated the results of those examinations into his competency report. As discussed above, Rule 12.2 does not prohibit the disclosure of a competency report to either party, and 18 U.S.C. § 4247 expressly requires that the report be disclosed to each party. Accordingly, defense counsel's concerns are misplaced.

## Conclusion

The Court is confident that a properly conducted and focused competency hearing can address the well established elements of competency without the necessity to address protected attorney client communications. Therefore, the Court denies Defendant's motion for special competency procedures in this matter. (Dkt. No. 578).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

November 16, 2016
Charleston, South Carolina

---

[4] In a letter to the Court (Dkt. No. 582), defense counsel conveyed the following information: On November 12, 2016, Dr. Ballenger contacted defense counsel to ask whether defense experts had done MMPI-2 or PAI personality testing, and if so, whether defense counsel would provide the results to him. Defense counsel informed Dr. Ballenger that although their experts had not conducted those tests, the Government's Rule 12.2 examining expert, Dr. Dietz, had. Defense counsel consented to providing the results of those reports to Dr. Ballenger, and the Government did not object.