# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | Civil Action No. 2:15-472-RMG |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **UNDER SEAL** |
| Dylann Storm Roof. ) | |
| ) | |

During the pretrial proceedings in this matter, Defendant raised the issue of control over the presentation of the case in mitigation during expected capital sentencing proceedings in this case. (Dkt. No. 652 at 4–14.) Defense counsel intended to present a case in mitigation that includes mental health evidence. Defendant objects to the presentation of any mental health mitigation evidence. (Dkt. No. 556 at 4.) Although a plea of not guilty has been entered for Defendant, he does not contest that he is the perpetrator of the June 17, 2015 attack on Emanuel African Methodist Episcopal Church ("Mother Emanuel"), and he has repeatedly offered to plead guilty in exchange for a sentence of life imprisonment. It is therefore probable that there will be a sentencing proceeding under 18 U.S.C. § 3593, and it would have been prejudicial to the preparation of the defense to delay ruling on defense counsel's authority in the sentencing proceeding. The Court therefore ruled that the decision to present a case in mitigation and decisions about what mitigation evidence to present are strategic decisions within the scope of defense counsel's authority. (Competency Hr'g Tr., November 21, 2016, at 139–40; *id.*, November 22, 2016, at 12–13, 267.) Although Defendant now represents himself, Defendant was represented by court-appointed counsel when the Court ruled counsel have control over mitigation evidence. The Court therefore believes it important to memorialize in this Opinion the reasons for its ruling.

Defendant now proceeds *pro se*. The right to counsel and the right to self-representation are mutually exclusive—"assertion of one constitutes a de facto waiver of the other." *United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997). This Opinion only addresses the scope of counsel's authority where a defendant has asserted his right to counsel. Where, as here, the right to counsel has been waived, the *pro se* defendant has complete control. *McKaskle v. Wiggins*, 465 U.S. 168, 178–79 (1984). That a defendant may assert total control over his defense by waiving his right to counsel does not, however, give a defendant total control over defense counsel, who must comply with ethical and professional standards. "A defendant does not have a constitutional right to choreograph special appearances by counsel." *Id.* 183. A defendant may choose to be represented by competent counsel, or he may choose to proceed *pro se*. There is no right to "any intermediate accommodation." *Singleton*, 107 F.3d at 1102.

I. **Background**

Defendant Dylann Roof is accused of killing nine persons and attempting to kill three other persons at Mother Emanuel. He was indicted on various federal charges on July 22, 2015, and on May 24, 2016, the Government served notice of intent to seek the death penalty. (Dkt. Nos. 1, 164.) Immediately before jury selection, Defendant sent a letter to the Government prosecutors indicating, *inter alia*, that he does not wish to present any mitigating evidence or argument in a capital sentencing proceeding. (Dkt. No. 545.) Defendant reiterated that position in his testimony in closed hearings on November 7 and 22, 2016. (*See* Dkt. Nos. 652, 654.) In those hearings, the Court heard Defendant's objection to defense counsel's intention to present mental health mitigating evidence and ruled defense counsel have authority to decide what mitigation evidence to present. (Dkt. No. 556 at 12; Competency Hr'g Tr., November 22, 2016, at 267.) Shortly after the Court ruled, Defendant moved to represent himself. (Dkt. No. 666.) The Court granted that motion, and Defendant now proceeds *pro se*. (Dkt. No. 627 at 9.)

## II. <u>Discussion</u>

The Sixth Amendment provides the accused the fundamental right to counsel and "the correlative right to dispense with a lawyer's help." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942); *see also Faretta v. California*, 422 U.S. 806, 821 (1975). "The right to defend is personal," and so "*Faretta* establishes that the right to counsel is more than a right to have one's case presented competently and effectively." *Faretta*, 422 U.S. at 834; *Jones v. Barnes*, 463 U.S. 745, 759 (1983) (Brennan, J., dissenting). "[T]he function of counsel under the Sixth Amendment is to protect the dignity and autonomy of a person on trial by assisting him in making choices that are his to make, not to make choices for him, although counsel may be better able to decide which tactics will be most effective for the defendant." *Jones*, 463 U.S. at 759 (Brennan, J., dissenting). But, although "[i] is . . . recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal," *Jones*, 463 U.S. at 751, it is also recognized that

> [n]umerous choices affecting conduct of the trial, including the objections to make, the witnesses to call, and the arguments to advance, depend not only upon what is permissible under the rules of evidence and procedure but also upon tactical considerations of the moment and the larger strategic plan for the trial. These matters can be difficult to explain to a layperson; and to require in all instances that they be approved by the client could risk compromising the efficiencies and fairness that the trial process is designed to promote.

*Gonzalez v. United States*, 553 U.S. 242, 249–50 (2008). Those strategic choices are within the authority of counsel.

Here, Defendant objected to the presentation of mitigating mental health evidence in the sentencing proceeding that is expected to follow his upcoming trial. That objection is not rare— capital defendants sometimes object to the presentation of distressing mitigation evidence. *See* James M. Blakemore, Note, *Counsel's Control over the Presentation of Mitigating Evidence*

*During Capital Sentencing*, 111 Mich. L. Rev. 1337, 1339 & n.15 (2013). The question before the Court was whether the Sixth Amendment right to control one's own defense allows a defendant to *instruct his counsel* not to present certain mitigation evidence in his capital sentencing proceeding, when counsel believe they have a professional obligation to present such evidence.[1] That is not a close question: "A criminal defense attorney is obligated to follow his client's wishes only with regard to the fundamental issues that must be personally decided by the client." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). "The decision concerning what evidence should be introduced in a capital sentencing is best left in the hands of trial counsel, and reasonable tactical decisions by trial counsel in this regard are binding on the defendant." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). And where

> the decision is a tactical one left to the sound judgment of counsel, the decision must be just that—left to the judgment of counsel. Counsel need not consult with the client about the matter or obtain the client's consent. And if consultation and consent by the client are not required with regard to these tactical decisions, the client's expressed disagreement with counsel's decision cannot somehow convert the matter into one that must be decided by the client.

*Chapman*, 593 F.3d at 369. Decisions about what mitigating evidence will be presented are strategic decisions within the control of counsel.

Further, the Court notes that despite significant factual similarities, *Schiro v. Landrigan*, 550 U.S. 465 (2007), is inapposite to the issue that was before the Court. In *Landrigan*, the Supreme Court held that an Arizona post-conviction review court did not unreasonably apply clearly established federal law when holding defense counsel's failure to present mitigating evidence was not ineffective assistance, where the defendant had instructed counsel to present no such evidence. 550 U.S. at 478. There was no clearly established federal law to misapply because

---

[1] The Sixth Amendment right to control one's own defense certainly permits a *pro se* defendant to decline to contest the Government's case in aggravation. *See McKaskle*, 465 U.S. at 178–79.

the Supreme Court "never addressed a situation like this." *Id.* Moreover, in *Landrigan*, defense counsel did not attempt to present a mitigation case over the objection of the defendant—the issue was whether counsel acceding to the defendant's wishes violated the Sixth Amendment. *Id.* at 478–79.

The Supreme Court often refers to the American Bar Association's professional standards when considering the conduct of counsel. *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 524 (referring to ABA standards as "standards to which we long have referred as 'guides to determining what is reasonable'"). ABA Defense Function Standards provide that "strategic and tactical decisions are the exclusive province of the defense counsel, after consultation with the client." *Jones*, 463 U.S. at 753 n.6 (citing ABA Standards for Criminal Justice 4-5.2 (2d ed. 1980)). More fully, the ABA Defense Function Standards provide:

> (a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel include:
>
> (i) what pleas to enter;
>
> (ii) whether to accept a plea agreement;
>
> (iii) whether to waive jury trial;
>
> (iv) whether to testify in his or her own behalf; and
>
> (v) whether to appeal.
>
> (b) Strategic and tactical decisions should be made by defense counsel after consultation with the client where feasible and appropriate. Such decisions include what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and what evidence should be introduced.

ABA Defense Function Standards 4-5.2 (3d ed. 1993). As the Supreme Court has recognized, "[w]ith the exception of these specified fundamental decisions, *an attorney's duty is to take professional responsibility for the conduct of the case*, after consulting with his client." *Jones*, 463

U.S. at 753 n.6 (emphasis added). A defendant may not direct his counsel to conduct a capital case in an unprofessional manner by, for instance, failing to present to the jury evidence that, in counsel's professional judgment, may mitigate the defendant's crime and suggest that death is an inappropriate sentence for the defendant.

## III. Conclusion

For the foregoing reasons, the Court ruled Defendant could not prevent his counsel from presenting mitigation evidence, including mental health mitigation evidence, on his behalf in the capital sentencing proceedings that may occur in this case.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 29, 2016
Charleston, South Carolina