IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:15-CR-472 |
| | ) | |
| DYLANN STORM ROOF | ) | |

**DEFENSE REQUESTS REGARDING**
**DRAFT PRELIMINARY JURY INSTRUCTIONS**

The defendant, through counsel, requests that the Court alter its proposed preliminary jury instructions in the following respects.

1.     The defendant requests that the Court delete the following sentence on page 10: "The defendant has pled **not guilty** to these charges."  In fact, the defendant's plea of not guilty was entered by the court at his arraignment.  Dkt. No. 20 (reflecting that the Magistrate Judge wrote in "Entered on behalf of Court" on the signature line of the defendant's written plea).  The distinction is important, because while the defendant has at all times acknowledged his factual guilt, the jury is likely to draw the incorrect inference from the quoted draft instruction that he is now somehow denying guilt by his plea.  This misconception would be especially prejudicial in light of the government's allegation, as a nonstatutory aggravating factor, that the defendant has "demonstrated a lack of remorse."  Dkt. No. 164 at 6, ¶ 6.  For this reason, he requests that the Court either delete any reference to his not guilty plea, or in the alternative that it instruct the jury that

1

"the Court has ordered that a plea of not guilty to these charges be entered on the defendant's behalf."

    2.  The defendant requests that the Court instruct the jury as follows regarding the defendant's partial waiver of counsel:

> During jury selection, I discussed with some of you the fact that the defendant had chosen to represent himself.  Since then, the defendant has requested that his counsel assist him for the guilt-or-innocence phase of his trial only.  He still plans to represent himself at the sentencing phase of his trial, should he be convicted of one or more capital counts.
>
> He has a constitutional right to represent himself.  He also has the right to the assistance of counsel.  Neither the fact that he is now represented by counsel nor his decision to represent himself at the sentencing phase of his trial, if there is one, should weigh against him in any respect.

As the Court will recall, many jurors volunteered during voir dire examination that they had already learned through news coverage of the defendant's decision to waive counsel and represent himself. The Court instructed these jurors – but only these jurors -- that the defendant had a constitutional right to represent himself, and ascertained that they would not hold his exercise of this right against him.  Given that his self-representation will become obvious to all trial jurors at the penalty phase, and because those jurors who were previously made aware of his waiver of counsel may now be confused by the fact that he is now represented, it seems appropriate to provide an accurate instruction concerning the status of the defendant's representation, and to instruct that no adverse inference should be drawn from either his assertion or his waiver of his right to counsel.

    Respectfully submitted,

    s/ *David I. Bruck*

2

David I. Bruck
Washington & Lee School of Law
Lexington VA 24450
540-458-8188
bruckd@wlu.edu

Sarah S. Gannett
Assistant Federal Public Defender
Federal Public Defender for the District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
602-382-2862
sarah_gannett@fd.org


Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender for the
District of Oregon
1070-1 Tunnel Road, Suite 10-215
Asheville, NC 28805
336-788-3779
kim_stevens@fd.org

Emily C. Paavola
900 Elmwood Ave., Suite 200
Columbia, SC 29201
803-765-1044
Emily@justice360sc.org

Attorneys for Dylann S. Roof

3