IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CASE NO.: 2:15-CR-472 |
| ) | |
| DYLANN STORM ROOF ) | |

## **DEFENDANT'S MOTION REGARDING AGGRAVATING FACTORS**

This is to challenge the aggravating factors being submitted to the jury. I maintain the legal objections made by my then-counsel in Dkt. Nos. 233, 291, 853, and any other motions bearing on these issues. In addition, I make a general insufficiency of the evidence objection, and I specifically note the following:

- The victims cited in the "vulnerable victims" aggravating factor (C)(3) were not especially vulnerable because of their age, as defined by the law. *See United States v. Johnson*, 136 F. Supp. 2d 553, 560 (W.D. Va. 2001) (striking aggravating factor because because there was no nexus between victim's vulnerability (pregnancy) and the crime, since she died instantaneously from a bomb blast); *United States v. Mikos*, 539 F.3d 706 (7th Cir. 2008) (holding that because the victim was severely obese, and thus unable to run or fight back or seek help after being shot, aggravator properly applied).[1] *See also* 1 Leonard B. Sand, et al., Modern Federal Jury Instructions — Criminal, Inst. 9A-14 (2008) (jury must find "a connection between the victim's vulnerability and the offense committed upon the victim. A connection does not mean that the defendant targeted the

---

[1] Here, as in *Johnson*, running, fighting back, or attempting to seek help would have been of no avail. Judge Posner pointed this out in his dissent in *Mikos*, writing that the victim's disability was irrelevant for, no matter how mobile she was, she would not have been able to escape the bullets that killed her. *Id.* at 721

victim because of the vulnerability. It means that, once targeted, the victim was more susceptible to death due to the vulnerability"); *id.*, Inst. 9A-14, Comment ("this aggravating factor should not pertain to situations where a victim is killed due to a circumstance entirely unconnected to the person's vulnerability"). Although they were elderly, they were not any more vulnerable than any of the other victims, due to the nature of the attack.

- The aggravating factor on "inciting violence" (D)(1) is overbroad and inaccurate. There is no evidence that I attempted to incite violent action by others in preparation, or subsequent to the acts of violence.

- The lack of remorse aggravating factor (D)(6) is too vague, because it does not include a time period. Also, lack of remorse is supposed to be conduct that demonstrates you don't regret the *murders* as opposed to any viewpoints.

The Court should instruct the jury that it is not to identify aggravating factors not contained in the notice. *See* 1 Leonard B. Sand, *et al.*, Modern Federal Jury Instructions, Inst. 9A-16 (2008) ("The law permits you to consider and discuss only the [insert number] non-statutory aggravating factors specifically claimed by the Government in advance and listed below. You are not free to consider any other facts in aggravation that you conceive of on your own.").

Respectfully submitted,

*Dylann Roof*
Dylann S. Roof

January ___, 2017