IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:15-CR-00472-RMG |
| v. | ) | |
| DYLANN STORM ROOF | ) | |

# SENTENCING PHASE VERDICT FORM

**Section I: Age of Defendant** .................................................. 1

**Section II: Gateway Intent Factors** ........................................... 4

**Section III: Statutory Aggravating Factors** .................................. 7

**Section IV: Non-Statutory Aggravating Factors** .............................. 10

**Section V: Mitigating Factors** .............................................. 14

**Section VI: Determination of Sentence** ...................................... 17

**Section VII: Justice Without Discrimination** ................................ 19

Section I: Age of Defendant

## Section I: Age of Defendant

General Directions for Section I

As used in this section, "capital count(s)" refers to the following:

Count 13: Obstruction of exercise of religion resulting in the death of Reverend Sharonda Coleman-Singleton

Count 14: Obstruction of exercise of religion resulting in the death of Cynthia Hurd

Count 15: Obstruction of exercise of religion resulting in the death of Susie Jackson

Count 16: Obstruction of exercise of religion resulting in the death of Ethel Lee Lance

Count 17: Obstruction of exercise of religion resulting in the death of Reverend DePayne Middleton-Doctor

Count 18: Obstruction of exercise of religion resulting in the death of Reverend Clementa Pinckney

Count 19: Obstruction of exercise of religion resulting in the death of Tywanza Sanders

Count 20: Obstruction of exercise of religion resulting in the death of Reverend Daniel Simmons, Sr.

Count 21: Obstruction of exercise of religion resulting in the death of Myra Thompson

Count 25: Use of a firearm to murder Reverend Sharonda Coleman-Singleton during and in relation to a crime of violence

Count 26: Use of a firearm to murder Cynthia Hurd during and in relation to a crime of violence

Count 27: Use of a firearm to murder Susie Jackson during and in relation to a crime of violence

1

Section I: Age of Defendant

>Count 28: Use of a firearm to murder Ethel Lee Lance during and in relation to a crime of violence
>
>Count 29: Use of a firearm to murder Reverend DePayne Middleton-Doctor during and in relation to a crime of violence
>
>Count 30: Use of a firearm to murder Reverend Clementa Pinckney during and in relation to a crime of violence
>
>Count 31: Use of a firearm to murder Tywanza Sanders during and in relation to a crime of violence
>
>Count 32: Use of a firearm to murder Reverend Daniel Simmons, Sr. during and in relation to a crime of violence
>
>Count 33: Use of a firearm to murder Myra Thompson during and in relation to a crime of violence

In this section, please indicate whether you unanimously find the government has established beyond a reasonable doubt that the defendant was eighteen (18) years of age or older at the time of all the offense charged under each capital count. You must mark one of the responses.

1. The defendant was eighteen (18) years of age or older at the time of the offense charged under the particular capital count:

    ✓ We unanimously find that this has been proved beyond a reasonable doubt with regard to *all* the capital counts.

    ____ We unanimously find that this has not been proved beyond a reasonable doubt with regard to *any* of the capital counts.

    ____ We unanimously find that this has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

    _____

Directions:

- If you unanimously find the government has proven beyond a reasonable doubt the

2

Section I: Age of Defendant

- defendant was eighteen years of age or older at the time of the offense charged with regard to one or more capital counts, continue on to Section II.

- If you unanimously find the government has not proven beyond a reasonable doubt the defendant was eighteen years of age or older at the time of the offense for *all* capital counts, skip forward to Section VII and complete that section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- For any capital count that you unanimously find the government has not proven beyond a reasonable doubt the defendant was eighteen years of age or older at the time of the offense charged under the particular capital count, then your deliberations are over as to that count.

3

Section II: Gateway Intent Factors

**<u>Section II: Gateway Intent Factors</u>**

<u>General directions for Section II</u>:

- As used in this section, the term "capital count(s)" refers only to those counts for which you unanimously found the defendant was eighteen years of age or older at the time of the offense charged under the particular count in Section I. Do not consider gateway factors in this section with regard to any counts for which you have not found the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I.

- In this section, please indicate whether the government has proven beyond a reasonable doubt any of the following gateway factors.

1.  The defendant intentionally killed the victim named in the particular count you are considering:

    __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

    _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

    _____

2.  The defendant intentionally inflicted serious bodily injury that resulted in the death of the victim named in the particular capital count you are considering:

    __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

    _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by*

4

Section II: Gateway Intent Factors

    *count number in the space provided below.*

    _____

    _____

3.     The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim named in the particular capital count you are considering died as a direct result of the act:

      __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

      _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

      _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

    _____

4.     The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim named in the particular capital count you are considering died as a direct result of the act.

      __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

      _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

      _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

Section II: Gateway Intent Factors

---

Directions:

- If you unanimously find at least one gateway factor with regard to one or more capital counts, continue on to Section III.

- If you unanimously find the government has not proven beyond a reasonable doubt at least one gateway factor for *all* capital counts, skip forward to Section VII and complete that section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- For each capital count you are considering in this section, if you unanimously find the government has not proven beyond a reasonable doubt at least one of the above gateway factors with respect to that count, then your deliberations are over as to that count.

6

Section III: Statutory Aggravating Factors

## Section III: Statutory Aggravating Factors

General directions for Section III:

- As used in this section, the term "capital count(s)" refers only to those counts for which you unanimously found the defendant was eighteen years of age or older at the time of the offense, as indicated by your findings in Section I, and at least one gateway factor, as indicated by your findings in Section II. Do not consider statutory aggravating factors in this section with regard to any counts for which you have not found the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I and at least one gateway factor in Section II.

- In this section, please indicate which, if any, of the following three (3) statutory aggravating factors you unanimously find the government has proven beyond a reasonable doubt. For each of the three statutory aggravating factors listed below, you must mark one of the responses.

1. The defendant committed the offenses charged in the particular count you are considering after substantial planning and premeditation to cause the death of a person:

   __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

   _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

   _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

   _____

   _____

7

Section III: Statutory Aggravating Factors

2.  In committing the offense charged in the particular count you are considering, the defendant intentionally killed and attempted to kill more than one person in a single criminal episode:

    **✓** We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

    ____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

    ____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

    _____

3.  The defendant committed the offenses charged in Counts 15 and 27 (relating to killing Susie Jackson), Counts 16 and 28 (relating to killing Ethel Lee Lance), and Counts 20 and 32 (relating to killing Reverend Daniel Simmons, Sr.), on victims who were particularly vulnerable due to old age.

    **✓** We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts listed in paragraph 3 (Counts 15, 16, 20, 27, 28, 32).

    ____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts listed in paragraph 3 (Counts 15, 16, 20, 27, 28, 32).

    ____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts listed in paragraph 3 (Counts 15, 16, 20, 27, 28, 32). *Identify each count by count number in the space provided below.*

    _____

    _____

8

Section III: Statutory Aggravating Factors

Directions:

- If you unanimously find one or more statutory aggravating factors with regard to one or more capital counts, continue on to Section IV.

- If you unanimously find the government has not proven beyond a reasonable doubt at least one statutory aggravating factor for ***all*** counts, skip forward to Section VII and complete the section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- For each capital count you are considering in this section, if you unanimously find the government has not proven beyond a reasonable doubt at least one of the statutory aggravating factors with respect to that count, then your deliberations are over as to that capital count.

9

Section IV: Non-statutory Aggravating Factors

## Section IV: Non-Statutory Aggravating Factors

General Directions for Section IV:

- As used in this section, the term "capital count(s)" refers only to those counts for which you have found that the defendant was eighteen years of age or older at the time of the offense (as indicated by your findings in Section I), and at least one gateway factor (as indicated by your findings in Section II), and at least one statutory aggravating factor (as indicated by your findings in Section III). Do not consider non-statutory aggravating factors in this section with regard to any count for which you have not found that the defendant was eighteen years of age or older at the time of the offense, and at least one gateway factor, and at least one statutory aggravating factor.

- In this section, please indicate which, if any, of the following six (6) non-statutory aggravating factors you unanimously find the government has proven beyond a reasonable doubt. For each of the proposed factors, you must mark one of the responses provided.

1. In preparation for, in committing, and subsequent to the acts of violence, the defendant attempted to incite violent action by others:

    __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

    _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

    _____

2. The defendant caused injury, harm, and loss to the victims named in each capital count, as well as to the family, friends, and co-workers of those victims. The injury, harm, and loss caused by the defendant with respect to each victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family, friends, and co-workers.

10

Section IV: Non-statutory Aggravating Factors

    __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

    _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

    _____

3. In committing the offenses, the defendant endangered the safety of one or more persons in addition to the victims of the murders charged in the Indictment.

    __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

    _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

    _____

    _____

4. The defendant has expressed hatred and contempt towards African Americans, as well as other groups, and his animosity towards African Americans played a role in the murders charged in the Indictment.

    __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

    _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

    _____ We unanimously find that this factor has been proved beyond a reasonable

11

Section IV: Non-statutory Aggravating Factors

      doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

_____

_____

5.    The defendant targeted men and women participating in a Bible-study group at the Emanuel AME Church in order to magnify the societal impact of the offenses charged in the Indictment.

      __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

      _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

      _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

_____

_____

6.    The defendant demonstrated a lack of remorse for committing the charged offenses.

      __✓__ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to *all* of the applicable capital counts.

      _____ We unanimously find that this factor has not been proved beyond a reasonable doubt with regard to *any* of the applicable capital counts.

      _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number in the space provided below.*

_____

_____

12

Section IV: Non-statutory Aggravating Factors

Directions:
- After you have completed your findings in this section (whether or not you have found any of the above non-statutory aggravating factors to have been proved), continue on to Section V.

Section V: Mitigating Factors

## Section V: Mitigating Factors

General Directions for Section V:

- As used in this section, the term "capital count(s)" refers only to those counts for which you have found that the defendant was eighteen years of age or older at the time of the offense (as indicated by your findings in Section I), and at least one gateway factor (as indicated by your findings in Section II), and at least one statutory aggravating factor (as indicated by your findings in Section III).

- As to the alleged mitigating factors listed below, please indicate which, if any, you find the defendant has proven by a preponderance of the evidence.

- Recall that your vote as a jury need not be unanimous with regard to each question in this section. A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such a factor established in making his or her individual determination of whether or not to impose a sentence of death, regardless of the number of other jurors who agree that the factor has been established.

- In the space provided, please indicate the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence with regard to each of the capital counts.

1. I/we members of the jury find by a preponderance of the evidence that the Defendant was born on April 3, 1994, and so had just turned 21 years of age at the time of the commission of the offenses set forth in Counts 13-21 and 25-33, that is, on or about June 17, 2015.

    Number of Jurors who so found: **12**

2. I/we members of the jury find by a preponderance of the evidence that the Defendant did not have a significant prior history of other criminal conduct at the time of the commission of the offenses in which he has been convicted.

    Number of Jurors who so found: **12**

14

Section V: Mitigating Factors

3. I/we members of the jury find by a preponderance of the evidence that the Defendant offered to plead guilty to the offenses charged in exchange for a sentence of life in prison without the possibility of release.

   Number of Jurors who so found: 12

4. I/we members of the jury find by a preponderance of the evidence that the Defendant cooperated with the arresting authorities:

   Number of Jurors who so found: 12

5. I/we members of the jury find by a preponderance of the evidence that the Defendant confessed to his crimes.

   Number of Jurors who so found: 12

6. I/we members of the jury find by a preponderance of the evidence that the Defendant had no prior history of violent behavior.

   Number of Jurors who so found: 12

7. I/we members of the jury find by a preponderance of the evidence that, in light of the Defendant's youth, a sentence of life in prison without the possibility of release offers the possibility of redemption and change.

   Number of Jurors who so found: 0

8. I/we members of the jury find by a preponderance of the evidence that, given his personal characteristics and record, the Defendant poses no significant risk of violence to other inmates or prison staff if imprisoned for life.

   Number of Jurors who so found: 0

9. I/we members of the jury find by a preponderance of the evidence that, given his personal characteristics and record, the Defendant can be safely confined if sentenced to life imprisonment.

   Number of Jurors who so found: 0

Section V: Mitigating Factors

General directions for Section V, continued:

- The law does not limit your consideration of mitigating factors to those that can be articulated in advance. Therefore, you may consider during your deliberations any other factor or factors in the defendant's background, record, character, or any other circumstances of the offense that mitigate against imposition of a death sentence.

- The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors.

- If more space is needed, write "CONTINUED" and use the reverse side of this page.

1.  Additional mitigating factor: __- NONE -_____

    _____

    Number of jurors who so find: _____

2.  Additional mitigating factor: _____

    _____

    Number of jurors who so find: _____

3.  Additional mitigating factor: _____

    _____

    Number of jurors who so find: _____

Directions:

    After you have completed your findings in this section (whether or not you have found any mitigating factors in this section), continue on to Section VI.

16

Section VI: Determination of Sentence

## Section VI: Determination of Sentence

General directions for Section VI:

- As used in this section, the term "capital count(s)" refers only to those counts for which you found the defendant was eighteen years of age or older at the time of the offense charged in the count in Section I, and at least one gateway factor in Section II, and at least one statutory aggravating factor in Section III. You may not impose a sentence of death on a particular count unless you have first found with regard to that count, unanimously and beyond a reasonable doubt, that the defendant was eighteen years of age or older at the time of the offense charged in the count in Section I, and at least one gateway intent factor in Section II, and at least one statutory aggravating factor in Section III.

- In this section, enter your determination of the defendant's sentence with regard to each of the capital counts.

    Based upon consideration of whether the aggravating factor or factors found to exist for each count sufficiently outweigh the mitigating factor or factors found to exist for that count to justify a sentence of death:

Section VI.A:  Determination of death sentence for all capital counts:



   ✓   We, the jury, unanimously find for all the capital counts, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist so that death is the appropriate sentence for the defendant. We vote unanimously that the defendant shall be sentenced to death separately as to each count.

Section VI.B:  Determination of life imprisonment without the possibility of release for all capital counts:



   _____   We, the jury, unanimously find that a sentence of life in prison without the possibility of release is the appropriate sentence for the defendant for all of the capital counts. We vote unanimously that the defendant shall be sentenced to life imprisonment without the possibility of release separately as to each count.

17

Section VI: Determination of Sentence

Section VI.C:  Mixed determination of sentences:

After considering whether the aggravating factor or factors found to exist as to each count sufficiently outweigh the mitigating factor or factors found to exist for that count to justify a death sentence:

a. _____   We, the jury, unanimously find that death is the appropriate sentence for the defendant with regard to each of the following capital counts only (*identify each count by count number*):

_____

_____

b. _____   We, the jury, unanimously find that life in prison without the possibility of release is the appropriate sentence for the defendant with regard to each of the following capital counts only (*identify each count by count number*):

_____

_____

Section VI.D: Unable to reach any unanimous decision:

_____   After considering whether the aggravating factor or factors found to exist as to each count sufficiently outweigh the mitigating factor or factors found to exist for that count to justify a death sentence, we, the jury, are unable to reach a unanimous verdict in favor of a life sentence or in favor of a death sentence for any of the capital counts.

Directions:

After you have completed your sentence determination in this section (regardless of what determination was made), continue on to Section VII.

18

Section VII: Justice Without Discrimination

## Section VII: Justice Without Discrimination

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victims was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendant, or the victims.



▮▮▮▮▮ #189         ▮▮▮▮▮ #434

▮▮▮▮▮ #323         ▮▮▮▮▮ #214

▮▮▮▮▮ #409         ▮▮▮▮▮ #186

▮▮▮▮▮ #34          ▮▮▮▮▮ #485

▮▮▮▮▮ #105         ▮▮▮▮▮ #345

▮▮▮▮▮ #242         ▮▮▮▮▮ #102 FOREPERSON

Date: January 10TH, 2017

19