# Objections to Unsealing

I would like to start off by alleging that some of the mental health experts, in particular Dr. Loftin, did not inform me that the contents of my examinations could or would be possibly presented in court, contrary to what they said on the record. I know for a fact that Robison and Dr. Stesjkal - I cant spell his name - did not say anything of the sort. I can say in all honesty that the only person I have even a vague recollection of mentioning this is Dr. Moberg. As far as I know I never signed anything relating to the privacy of the evaluations. I would also like to say that psychiatric relationships are based on an expectation of privacy, and that this aspect is affects every part of a psychiatric evaluation, including the validity of its results. I think its important to mention the fact that on top of the experts not making it clear, if telling me at all, I had no reason to expect these evaluations would be used because I was told they were related to my thyroid condition. In fact my lawyers were so dishonest with me in this

regard that I was worried we or they would get into trouble for using the government's money for all these tests for my thyroid condition, and for some reason I actually thought they were frauding the system in order to help me.

When I expressed my concern to the court about objections being submitted in writing rather than at a hearing, I was assured by Judge Gergel that he would carefully read anything I wrote. Here are my objections:

-Jail Video Visits-

I understand that as an inmate I do not have many privacy rights. My main concern is the privacy of my family members, and my main objection is not based on my rights to privacy, but the privacy of the family members who visited me.

As I said once before in court, although the people visiting me may not have a reasonable expectation of privacy during a jail visit, I do think that they have a reasonable expectation that the visit won't be disseminated. Recording

for purposes of jail security is at least understandable, but the dissemination of those visits is not. The fact that they were presented in court, by my own lawyers no less, is at best unethical.

These visits were put into the record by my own lawyers, and then standby counsel. In the first competency hearing I had no right to object, and honestly didnt realize the hearing would or even could be unsealed anyway. At the second hearing I objected to my standby counsel putting in further video visits, which they were allowed to do over my objection.

It is worth noting that the visits proved nothing about my competency, which was proven by the outcome of both hearings.

It is also worth noting that I never said anything during the visits that would have given me reason to expect that they would be used as evidence of anything or presented anywhere by anyone including the prosecution. I made a conscious effort to avoid this by watching the things I said. This is proven by the fact that the prosecution did not attempt to use

even one of them at my trial.

I am in a jail with no other way to visit my family members than through these video visits. There are no exceptions or special accomodations available that make any other kind of visit possible. The idea that a person could be put in that position and then have the visits disseminated or made available to the public seems unheard-of, **unprecedented** and almost unimaginable. Again my main concern and argument against unsealing is related to the privacy of my family members, who unlike me do have rights.

- Other Objections -

My other objections are also all related to my family members privacy. I object to the unsealing of any information about the personal lives of my mother, sisters, father or any other family members that might be found in expert reports or even the words of my own lawyer. More broadly I object to the expert reports being unsealed at all, and I remind the court of my objection to them being put in

the record.

Even more broadly I object to the unsealing of the entire second competency hearing based on the fact that I had already been found competent and was representing myself/acting as my own lawyer, and therefore do not understand what right my standby counsel had to put me through a second competency hearing, in which I was again found competent.

All of my objections are concerning things my own lawyers or standby counsel put in the record, and none of those things had any evidentiary value to my trial, or even relating to my competency, both of which have been proven by the course of events.

I also want to say that it isnt my intention to imply through these objections that anything the experts said was true or that their conclusions were accurate.

Respectfully,

Dylann Roof

03/17/17

## Specific Objections

1. All jail video visits.

2. David Bruck's talk in transcript of my mother's grand jury testimony.

3. Mother's grand jury testimony. (in evidence as Amy Roof's grand jury testimony)

4. Information about mother's personal life on several pages of Loftin's report. (Under "Social History of Amy Roof" beginning on page 7)

5. Mention of incident with mother in Ballenger's report for the first hearing. (Near the beginning of the report)

## General Objections

1. All expert reports

2. All "defense" expert testimony.

3. The entire second competency hearing. The entire first competency hearing.