```
                IN THE DISTRICT COURT OF THE UNITED STATES
                      DISTRICT OF SOUTH CAROLINA
                          CHARLESTON DIVISION


UNITED STATES OF AMERICA,     )         2:15-cr-00472-RMG
                              )
          Plaintiff,          )
                              )
VS                            )
                              )         Charleston,
DYLANN STORM ROOF,            )         South Carolina
                              )         November 8, 2016
          Defendant.          )


              TRANSCRIPT OF TELEPHONE CONFERENCE
         BEFORE THE HONORABLE RICHARD M. GERGEL,
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:      JULIUS NESS RICHARDSON
                        Assistant U.S. Attorney
                        U.S. Attorneys Office
                        1441 Main Street, Suite 500
                        Columbia, South Carolina 29201

                        MARY J. HAHN
                        Assistant U.S. Attorney
                        U.S. Department of Justice
                        601 D Street NW, Room 5200
                        Washington, DC 20003

                        NATHAN STUART WILLIAMS
                        Assistant U.S. Attorney
                        U.S. Attorneys Office
                        P.O. Box 876
                        Charleston, South Carolina

                        RICHARD E. BURNS
                        Assistant U.S. Attorney
                        U.S. Department of Justice
                        1331 F Street NW, Suite 625
                        Washington, DC 20530
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1
                                    STEPHEN CURRAN
 2                                  Assistant U.S. Attorney
                                    U.S. Department of Justice
 3                                  601 D Street NW, Room 5808
                                    Washington, DC 20004
 4
 5      For the Defendant           SARAH S. GANNETT
                                    Assistant Federal Public Defender
 6                                  Arizona Federal Public Defenders Office
                                    850 West Adams Street, Suite 201
 7                                  Phoenix, Arizona 85007

 8                                  DAVID I. BRUCK, ESQ.
                                    Virginia Capital Case Clearinghouse
 9                                  Washington and Lee School of Law
                                    Lexington, Virginia 24450
10
                                    EMILY PAAVOLA, ESQ.
11                                  Justice 360
                                    900 Elmwood Avenue, Suite 101
12                                  Columbia, South Carolina 29201

13                                  KIMBERLY C. STEVENS, ESQ.
                                    1070-1 Tunnel Road, Suite 10-215
14                                  Asheville, North Carolina 28805

15
16                                       *   *   *
17
18
19
20
21
22      Court Reporter:             Amy C. Diaz, RPR, CRR
                                    P.O. Box 835
23                                  Charleston, South Carolina 29402

24
25              Proceedings recorded by mechanical shorthand,
            transcript produced by computer-aided transcription
```

1    MR. RICHARDSON: Good afternoon, Judge Gergel. Jay
2  Richardson is here.
3    THE COURT: Mr. Richardson, do you want to go ahead
4  and identify who is with you so we can --
5    MR. RICHARDSON: Unfortunately, I am on my way
6  driving to Columbia. It's my daughter's birthday today, so
7  I'm going to have dinner in Columbia, and I'm by myself.
8    THE COURT: Hello.
9    MR. WILLIAMS: This is Nathan Williams, Steve Curran
10 Rich Burns and Mary Hahn.
11   THE COURT: We are waiting for others to join us,
12 Mr. Williams.
13   MR. WILLIAMS: Say that again, Judge?
14   THE COURT: We are waiting for the defense to join
15 us.
16   MR. WILLIAMS: I think Mr. Richardson is going to
17 dial in, as well.
18   THE COURT: He's already ahead of you.
19   MR. WILLIAMS: Okay. Great.
20   THE COURT: Hello. Who is speaking?
21   MR. BRUCK: This would be David Bruck, and with me is
22 Kim Stevens, Emily Paavola and Sarah Gannett.
23   THE COURT: Very good. This is a telephone
24 conference noticed by the Court in *United States vs. Roof*,
25 2:15-472.

1          Let me begin by saying that I have been presented
2    this morning a motion ex parte by the defense seeking to
3    delay the jury selection pending the completion of the
4    competency hearing.
5          Mr. Bruck, I'm going to do my best to avoid matters
6    that I think fall into areas that may involve
7    attorney-client.  So let me just stay on the areas.  And if
8    you need to raise other areas, I'm going to let you do that.
9          The argument is that the combination of trial
10   preparation, jury selection and competency issues are
11   overwhelming the defense team, and they are asking that I
12   delay jury selection until competency -- the competency
13   hearing has been -- evaluation has been completed and the
14   hearing conducted.
15         Is that correct, Mr. Bruck?
16         MR. BRUCK: Yes, Your Honor.
17         THE COURT:  Okay.  And the -- there are also
18   additional objections to the procedure, Dr. Ballenger
19   performing it, and procedures, which I'll be honest, I don't
20   need the Government's response, I don't find them to have
21   merit.
22         The issue of whether we delay jury selection is a
23   proper matter in which the Government should be heard.  And
24   let me, before I ask the Government to respond, let me give
25   you a little bit of schedule details that I don't think

1  counsel would be aware.

2  Dr. Ballenger will conduct the initial examination
3  of the defendant today. He will perform a second evaluation
4  on Friday and a third on Saturday. He advises me that he
5  anticipates a report to be prepared by Monday. He requests
6  that if anyone wishes to provide him materials, that they
7  provide it to him through my chambers. That that includes, I
8  know Mr. Bruck yesterday mentioned, or day before -- one of
9  these days, I'm losing track here -- mentioned a desire to
10 have some input from the defense team, and that would be fine
11 by affidavit. And if he needs anything further, he'll let me
12 know in terms of direct contact. And any other information
13 he is processing, he has been reading all morning all the
14 information that he can get access to.

15 So I would anticipate that we would have a
16 competency hearing on Wednesday, November 16th.

17 So knowing that court schedule, first of all, let me
18 understand what the defense is asking for, for how long jury
19 selection should be delayed.

20 MR. BRUCK: In light of that schedule, I think the
21 request is to delay it until after the competency hearing.

22 THE COURT: Okay. That would be -- that would be
23 fine. I mean, I think not only do we have to have a
24 competency hearing, Mr. Bruck, I've got to write an order,
25 okay? I mean, I've got to make a determination. And so the

1  question is -- and Mr. Bruck, without getting into detail,
2  you are asking for a little breathing space, correct?
3         MR. BRUCK: Exactly.
4         THE COURT:  Does the Government object if I were to
5  resume jury selection on November 22nd?
6         MR. RICHARDSON:   November 22nd being a --
7         THE COURT:  Is a Monday.  Isn't that a Monday?
8         MR. RICHARDSON:   That's the Tuesday before
9  Thanksgiving.
10         THE COURT:  I meant Monday.  Monday the 21st then,
11  the 21st.
12         MR. RICHARDSON:   You know, I -- the Government's
13  position, Your Honor, is that we should go forward with jury
14  selection on Wednesday.  This is an issue that would permit
15  the process to begin.  We've got jurors that have, you know,
16  scheduled around this time schedule.
17         THE COURT:  They actually haven't.  By the way, they
18  won't know until 6:00 today when to report.
19         MR. RICHARDSON:   Well, I just mean as the Court
20  instructed them earlier, the general timeframe.  I don't mean
21  day by day.  And that, you know, the Government's position is
22  that, you know, further delay in the process, you know, is
23  unnecessary for the reasons that the Court articulated
24  yesterday afternoon.
25         THE COURT:  I view that -- Mr. Richardson, what I do

1  not wish to do is to engage in a process by which the case
2  appears to a reviewing court to have been rushed.
3  　　　　　MR. RICHARDSON:  I don't think there is -- you
4  know, from the Government's perspective, we don't think that
5  is a concern.  We think this is a schedule that the defense
6  sought initially, that this, what we believe is a minor speed
7  bump in that process, does not -- does not necessitate such a
8  significant delay.
9  　　　　　THE COURT:  Okay.  Assuming for a moment that I find
10 merit in the idea that we ought to do it -- we ought to stop
11 the process to quickly perform a competency evaluation, do
12 you object to the 22nd?  21st, I'm sorry.  I got the 22nd on
13 my mind for some reason.
14 　　　　　MR. RICHARDSON:  We don't object to the particular
15 dates, Your Honor.
16 　　　　　The one question that I would raise that I do think
17 is important in this consideration is what we are telling the
18 victims, and I don't care what the public knows, but this is
19 a difficult process for us, and --
20 　　　　　THE COURT:  You are on the same page --
21 Mr. Richardson, you are exactly on my page with me.  Your
22 reason for this telephone conference was what should we tell
23 the public?  That -- you have hit the nail on the head.  I am
24 deeply sensitive to the problems of both.  I don't want to do
25 anything to have any impact on my jury venire, and I'm

1       concerned with the victims.
2               MR. RICHARDSON:  That is the most significant
3       concern in my mind, Your Honor, which is a driving part in my
4       mind is the need to continue this process on.  But I think at
5       a minimum that we need to advise the victims and the public,
6       I don't have a view on that.
7               THE COURT:  I think if you tell the victims, you
8       tell the public.  So I think we've got to speak with one
9       voice.  The question -- here is a question I have:  Should
10      the Court make any reference whatsoever to the nature of the
11      issue pending?  I.E. competency.
12              MR. RICHARDSON:  You know, the Government's
13      position is, Your Honor, that that is not something in a
14      standard case that is private, that there is an order issued,
15      it's not a sealed matter, 4241 -- I may have the statute
16      wrong.
17              THE COURT:  You've got it, Mr. Richardson.
18              MR. RICHARDSON:  And 4247 don't suggest that that
19      is a matter that needs to be sealed.  I think that that is an
20      issue that, you know, there is no reason to seal, that that
21      is something that the victims and the public are entitled to
22      know.  Now, it's a different question of knowing the details
23      of it, but to know that that is the nature of the proceeding,
24      we think is probably something that the victims at least are
25      entitled to know.

|    |    |
|----|----|
| 1  | THE COURT: Mr. Bruck, what's your thought? |
| 2  | MR. BRUCK: On the question of the explanation or the |
| 3  | question of -- |
| 4  | THE COURT: Whether the word competency ought to be |
| 5  | associated with the delay? Should there be a public |
| 6  | disclosure of that, that there is a competency evaluation |
| 7  | undergoing to explain the delay? |
| 8  | MR. BRUCK: We do not object to that. |
| 9  | THE COURT: And -- okay. Then I would be inclined, |
| 10 | if there is no objection, that both sides seem to think that |
| 11 | is fine, then I would provide the explanation that there is a |
| 12 | pending -- there is a matter concerning competency has been |
| 13 | raised. The Court is going to conduct hearings, and -- a |
| 14 | hearing, that there is an evaluation ongoing, there will be a |
| 15 | hearing, and the Court will suspend jury selection until the |
| 16 | 21st to allow that to proceed. |
| 17 | Is that satisfactory to everyone? |
| 18 | MR. BRUCK: Yes, sir. I understand, in other words, |
| 19 | that the delay will be attributed to the Court and not either |
| 20 | party? |
| 21 | THE COURT: My intention is to say a matter of |
| 22 | competency has been raised. I don't want to imply -- I |
| 23 | didn't want to address it. Did you want me to address it? |
| 24 | MR. BRUCK: I think it would be assumed and widely |
| 25 | reported in the press that if an issue is raised, the |

1  assumption will be that it was raised by the defense.
2           THE COURT: I didn't raise it. But Mr. Bruck, the
3  truth is it was raised by the defense.
4           MR. BRUCK: Well, that's right. I mean, but we
5  are -- I think it would probably be more neutral to say a
6  question has arisen.
7           THE COURT: Does the Government -- does the
8  Government have any objection to that?
9           MR. RICHARDSON: Your Honor, we think that the
10 Court ought to be honest with the public, and we ought to say
11 that it was raised. I don't think there is a reason to try
12 to hide the ball with that issue.
13          MR. BRUCK: I should add, Your Honor, for reasons
14 that -- without trespassing too far into what was a sealed
15 proceeding, the publicity is going to -- may well contribute
16 to the issues that were discussed yesterday. And I simply
17 ask that -- I know the Court will be sensitive to the issues
18 that we are struggling with.
19          THE COURT: Okay. I'll work that out.
20          Let me -- let me, Mr. Bruck, now raise an issue.
21 There was a letter written by the defendant to the
22 prosecutors. That's not a secret. With the exception of one
23 prosecutor who may have read the letter, that has otherwise
24 not been disseminated to other members of the prosecution
25 team.

1            Is that correct, Mr. Richardson?

2            MR. RICHARDSON: That is correct, Your Honor.

3            THE COURT: And there are two issues associated with

4    that that seems to me come to mind. Number one, should the

5    Government have access to that document? And secondly, which

6    to me is a wholly separate issue, is whether that -- an

7    anticipated motion in limine by the defendant would be

8    granted or not granted.

9            I'll only deal with the former issue. Can you tell

10   me a basis upon which the Government would not have a right

11   to review the letter sent to the prosecutors by the

12   defendant?

13           MR. BRUCK: Bear with me just a moment.

14           No, Your Honor. We think the issue is

15   admissibility, whether the Government should have it.

16           THE COURT: We will obviously, if I provide this to

17   the Government, it is under a seal in which the Government is

18   not allowed to disclose it to third parties.

19           Do we understand that, Mr. Richardson?

20           MR. RICHARDSON: Absolutely, Your Honor.

21           MR. BRUCK: And there is no need to say this, but I

22   would consider the State to be a third party under these

23   circumstances.

24           THE COURT: I agree with that. This is written to

25   the federal prosecutors.

1           MR. RICHARDSON:  To the extent that we get to the
2    issue of the State, Your Honor, we'll take that up at a
3    different time.
4           THE COURT:  Very good.
5           Now, let me -- let me address -- you will in a short
6    order get a copy of that, Mr. Richardson, we will e-mail it
7    to you.  My chambers will e-mail it.
8           MR. RICHARDSON:  Thank you, Your Honor.
9           THE COURT:  And let me, without going into a lot of
10   detail, let me refer generally to the substance of it, and
11   why the unspoken issue that Mr. Bruck did not wish to get
12   into, but which I think further supports his request for some
13   brief time here for everybody to catch their breath.
14          The letter criticizes the defense mitigation
15   evidence.  And there are obviously differences, I don't think
16   it's a secret, between the defendant and Counsel on that
17   issue.
18          And part of the request, Mr. Bruck, is this fair, to
19   give counsel time to, without the stress of everything going
20   on, to seek to repair that relationship?
21          MR. BRUCK: Yes.
22          THE COURT:  And I think that is a reasonable
23   request.
24          So part of my consideration of delaying until the
25   22nd is to let everybody catch their breath a bit, okay?  And

1   it's not something I particularly want to do.  I would
2   prefer -- my first instinct was to toss the ex parte motion
3   today aside, but my three able law clerks said, "No, Judge,
4   you really need to read it."  And I think there were points
5   in that that I thought were worthy of thoughtful
6   consideration.  I kid.  I was going to read it, obviously,
7   and -- but I think we've got to have -- we have -- we've got
8   to be measured here, and that's what we are trying to do.  We
9   are trying to give everybody a chance.  We don't want to slow
10  the process unnecessarily.  We want the process to proceed.
11  The court system needs not to stop at every step, but under
12  the circumstances, a brief pause seems to me to be a
13  reasonable accommodation under the circumstances.
14          I'm going to enter an order today memorializing this
15  discussion.  It will, of course, be under seal, and I will --
16  we will provide today to the Government a copy of the letter
17  which will be required to be confidential only to the
18  prosecutors until further order of the Court.
19          Now, are there other matters to be addressed at this
20  point from the Government?
21          MR. RICHARDSON:  Your Honor, the one question -- I
22  understand the Court is going to issue an order here shortly.
23  We have quite a few victims that are coming first thing in
24  the morning.  We would like to be able to provide notice to
25  them immediately.

1     THE COURT:  I will issue a public order explaining
2  the delay.  There are details regarding -- I don't want to
3  mention the letter in public, okay?
4     MR. RICHARDSON:  No, and I'm not suggesting that.
5     THE COURT:  There is going to be, I would say within
6  an hour, a public order issued which will disclose the delay
7  in jury selection.
8     MR. RICHARDSON:  Thank you, Your Honor.
9     THE COURT:  And you should feel once that lands, you
10 can communicate with the victims.  I don't want people coming
11 to the courthouse tomorrow.
12    MR. RICHARDSON:  That is obviously, you know, our
13 concern.  We want them to adjust their schedules.  Many of
14 them are in from out of town and will likely go home now.
15    THE COURT:  And, you know, I'll briefly address that
16 in the order.
17    Now, any other matters to come -- Mr. Bruck, there
18 is a matter ex parte I need to address with you.
19    Does the Government -- first of all, Mr. Bruck, do
20 you have any other matters you want to bring up at this
21 point?
22    MS. STEVENS: Your Honor, this is Kim Stevens.  Will
23 we be resuming the court with the same panel one of jurors
24 who were scheduled to report tomorrow?
25    THE COURT:  Yes, ma'am.


AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1        MS. STEVENS: Thank you.
2        MR. BRUCK: We do have a request or a motion that
3   should the evaluation -- evaluator ultimately conclude that
4   Mr. Roof is competent, that only the conclusion and not the
5   report, or at least not any information derived from
6   Mr. Roof, be provided to the Government.  I don't know
7   whether we can file a motion to that.
8        THE COURT:  You need to file a motion.  There is a
9   statute on that, and we need to address -- we will need to
10  look into that.  So if you've got a motion, go ahead and file
11  it, let the Government respond.
12       MR. BRUCK: Very well.
13       THE COURT:  You might want to get ahead of that.
14       Anything further?
15       MR. RICHARDSON:  Nothing from the Government, Your
16  Honor.
17       THE COURT:  Okay.  Could I ask the Government, then,
18  to go off the phone so I might continue the matter with
19  Mr. Bruck ex parte on a matter involving his client?
20       MR. RICHARDSON:  Absolutely.  All the prosecution
21  team is all hanging up right now.
22       MR. WILLIAMS: Thanks, Judge.
23       (Matter heard ex parte.)
24       THE COURT:  Thank you.  Mr. Bruck, are you still
25  there?

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1           MR. BRUCK: Yes, Your Honor.
2           THE COURT:  Okay.  Let me raise with you an issue to
3   allow some opportunity for you to address this.
4           Your client said in the hearing yesterday that he
5   wished to plead guilty and had been told he was not allowed
6   to plead guilty in a death penalty case.  It may well be that
7   he has misunderstood what he was told.  And I wanted to
8   afford you the opportunity to speak with your client, because
9   I need as -- I need to take that matter up with him after he
10  has had his rights clarified.
11          Do you understand what I'm saying?
12          MR. BRUCK: Yes.  I will say that what he said to the
13  Court was not what he was told.  I think you probably assumed
14  that.  I think it is a somewhat garbled version of our
15  explanation of the authorization process from more than a
16  year ago.
17          THE COURT:  That's why I wanted -- that's why I
18  wanted you to have an opportunity to meet with him, so
19  he's -- you are not and he's not ambushed by that.
20          MR. BRUCK: I appreciate that.  Thank you, Your
21  Honor.
22          THE COURT:  And so my intention is, if and when
23  there is a competency determination in which he is competent,
24  I need to address that issue immediately thereafter.
25          MR. BRUCK: Very well.

```
 1          THE COURT:  So give you a chance between now and
 2   then to consult with your client and, you know, he will
 3   anticipate that that question will be addressed to him.
 4          MR. BRUCK: Thank you.
 5          THE COURT:  Okay.  With that, the hearing is
 6   adjourned.  Thank you, Mr. Bruck.
 7          MR. BRUCK: Thank you, Your Honor.
 8                  *****      *****      *****
 9
10   I certify that the foregoing is a correct transcript from the
11   record of proceedings in the above-titled matter.
12
13
14
15   ---------------------------
16
17   Amy C. Diaz, RPR, CRR                March 29, 2018
18   S/  Amy Diaz
19
20
21
22
23
24
25
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER