IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-472-RMG |
| | ) | |
| Dylann Storm Roof, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's motion for authorization to conduct discovery prior to filing a petition for habeas relief under 28 U.S.C. § 2255. (Dkt. No. 1044). Defense counsel has made it clear that they anticipate seeking discovery after the filing of the § 2255 petition. (Dkt. No. 1044-1 at n. 1). The Government opposes the motion, arguing that the Rules Governing Section 2255 Proceedings ("§ 2255 Rules") authorize discovery only after the filing of a petition and demonstrating "good cause" under Rule 6. (Dkt. No. 1047). Defendant filed a reply. (Dkt. No. 1048).

A review of the § 2255 Rules indicates well demarcated standards for conducting discovery in § 2255 proceedings. Rule 1 provides that the § 2255 Rules "govern a motion filed in a United States district court under 28 U.S.C. § 2255." Rule 6 authorizes a judge, upon a showing of "good cause," to conduct discovery under the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure, or "in accordance with the practices and principles of law." Rules 7 and 8 address circumstances where the expansion of the record and the conducting of an evidentiary hearing might be appropriate "[i]f the motion is not dismissed." Thus, the § 2255 Rules anticipate a process where discovery may be authorized by a district court only after the § 2255 motion has been filed,

1

the § 2255 petition has survived a motion to dismiss, and good cause for discovery has been demonstrated. No reference is made under the § 2255 Rules for pre-petition discovery.

Courts have widely held that a defendant may not obtain pre-petition discovery in § 2255 proceedings. *See United States v. Cuya*, 964 F.3d 969, 973 (11th Cir. 2020) (a § 2255 petitioner must file a petition and show good cause before obtaining discovery); *Calderon v. U.S. District Court for the Northern District of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("pre-petition discovery is impermissible" under § 2255); *Umana v. United States*, 2016 WL 11957588 (W.D.N.C. 2016 at *1 (there is no pre-petition discovery in § 2255 cases). Defendant has cited no cases authorizing pre-petition discovery in § 2255 cases.

Even if the § 2255 Rules permitted pre-petition discovery, Defendant has failed to show good cause for authorizing discovery prior to the filing of his petition. Defendant states in his present motion that he seeks to establish ineffective assistance of counsel on the basis that his trial counsel "failed to understand their client's impairments and failed to present them to the Court." (Dkt. No. 1044-1 at 4). Defense counsel identified in the present motion specific items that they seek to obtain through pre-petition discovery but fail to explain why the absence of these items would impair their ability to present Defendant's § 2255 petition. They also do not explain why Defendant's petition should not be subject to an initial Court review for sufficiency before an authorization for discovery might be considered, a standard consistently applied to § 2255 petitioners. Further, there is no suggestion that the items sought are at risk for destruction in the interim between now and any post-petition motion for discovery.

Based on the foregoing, Defendant's motion for pre-petition discovery is **DENIED**.

**AND IT IS SO ORDERED**.

                              s/Richard M. Gergel
                              Richard Mark Gergel
                              United States District Judge

March 28, 2025
Charleston, South Carolina