**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 2:15-CR-00472-RMG** |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | **MOTION FOR LEAVE TO** |
| **v.** | ) | **FILE CORRECTED 2255** |
| | ) | |
| **DYLANN STORM ROOF** | ) | |
| | ) | |
| **Defendant-Petitioner.** | ) | |
| | ) | |

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
CORRECTED § 2255 MOTION ON OR BEFORE AGREED UPON
STATUTE OF LIMITATIONS DATE JULY 21, 2025**</u>

Petitioner, Dylann Storm Roof, through counsel, has submitted a motion requesting that

the Court grant him leave to file a corrected § 2255 motion in this matter on or before the agreed

upon statute of limitations date July 21, 2025.[1]

On January 10, 2025, the government agreed that the deadline for filing the § 2255

motion would be July 21, 2025. The government communicated its agreement by email. Ex. 1.

On January 27, 2025, without explanation, the government attempted to retract that agreement,

insisting that the motion must be filed by April 18, 2025. All the reasons counsel for Mr. Roof

presented to the government as a basis for their request for additional time are still in effect;

---

[1] A Motion for Recusal was filed in this Court. Dkt. No. 1049. After the Court denied the motion,
undersigned counsel filed a motion for reconsideration and renewed Motion for Recusal based
on new grounds which remains pending at this time. Dkt. No. 1054. Counsel believes that
recusal is necessary for the reasons stated in those motions. Therefore, it is appropriate for a new
judge, one outside the District of South Carolina, to be appointed to consider this motion.

1

moreover, during the time between the government granting then attempting to retract the agreement, counsel for Mr. Roof detrimentally relied on the government's agreement.

The government's unexplained and unanticipated attempted retraction of the additional time resulted in counsel for Mr. Roof rushing to obtain expert opinions and witness declarations and draft the many claims pertinent to the §2255 motion in order to submit them on or before April 18, 2025. Undersigned counsel has not been and will not be able to obtain all anticipated declarations nor to complete all claims for the §2255 motion before April 18, 2025. Based on the government's agreement, the deadline for filing the § 2255 motion became July 21, 2025. However, out of an abundance of caution, to avoid forfeiting claims, counsel will file a § 2255 motion on or before April 18, 2025, although the proper deadline is July 21, 2025.

Per the agreement reached by the parties, the statute of limitations in this case is July 21, 2025. The ambiguity caused by the government's move to retract the parties' binding agreement, however, means Mr. Roof must file a § 2255 motion to protect his interests. Forcing Mr. Roof to reveal his claims and evidence months before his motion is due, while his claims are still being investigated, substantially prejudices him. Allowing a corrected §2255 motion to be filed on or before July 21, 2025, is an appropriate remedy.

The corrected § 2255 motion to be filed in July 2025 should not be construed as an amendment or as any second or successive motion,[2] but as a corrected filing only. [3] This will

---

[2] Under Fed. R. Civ. P. 15 or otherwise, or as allowed under Rule 9 of the Rules Governing § 2255 Proceedings consistent with the requirements of 28 US 2244 & 2255.

[3] Two reported decisions use "corrected § 2255 motion." The first one was analyzed under leave to "supplement," *see United States v. Martin*, 549 F. Supp. 3d 767 (N.D. Ill. 2021), and the other after a *pro se* litigant's motion was dismissed without prejudice to allow the petitioner the option to re-file to cure deficiencies in his original. *See Douglas v. United States,* 306 F. Supp. 2d 16 (D.D.C. 2004).  There are no less than twenty-seven unreported decisions that use the same terminology of "corrected § 2255 motion," with almost all of those allowing *pro se* petitioners to

promote the interests of justice and fairness crucial to this proceeding. Undersigned counsel have made every effort to obtain expert reports and witness declarations; obtain records; draft claims; and discuss those reports and claims with their client in order to submit a § 2255 motion to the Court by April 18, 2025. However, the work we will complete before April 18, 2025 will necessarily be incomplete.

<u>FACTUAL BACKGROUND</u>

Prior to January 10, 2025, Angela Elleman, undersigned counsel for Mr. Roof, had a series of conversations with Mr. Christopher Schoen, AUSA, about the need for a further extension of time in this case. Ex. 2. Ms. Elleman shared with Mr. Schoen that much of our work over the last year has been focused on efforts to obtain executive clemency which necessarily involves a set of facts and issues different from legal challenges in court. While those efforts were ultimately unsuccessful, they were a significant expenditure of time and resources, and necessary to adequately represent Mr. Roof. On January 10, 2025, Mr. Schoen communicated to Ms. Elleman that the Department of Justice had agreed to waive any statute of limitations defense they have to a filing on or before July 21, 2025. Ex. 1. Ms. Elleman immediately notified her team and expert witnesses about the additional time. Many of them made other commitments and plans in reliance on this notification.

On January 24, 2025, Mr. Schoen provided counsel with a written memorialization of the agreement that he had orally agreed to on January 10, 2025. Dkt. No. 1039.

On January 27, 2025, Ms. Elleman received an email message from Kathleen Stoughton, Appellate Chief, that she had been directed to "rescind our agreement to extend the filing deadline to July." No reason for the government's change in position was stated, and no

---

cure deficiencies in their motions; no decisions point to a statutory provision recognizing a "corrected" § 2255 motion, *per se*.

allegations were made that Mr. Roof or his appointed counsel took any action that might have nullified or violated the agreement.[4] Apparently, the Trump administration simply sought to reverse course, which was improper. A new administration is entitled to have different policy priorities, but it is not entitled to revoke binding agreements entered into by the prior administration and relied on by litigants.[5]

After the attempt to rescind the statute of limitations waiver, Ms. Elleman spoke by phone to Ms. Stoughton and Mr. Schoen, explaining her and her team's reliance on the prior commitment to additional time. The detrimental reliance cannot be limited to only the 17 days between the government's agreement and attempted rescission; numerous commitments and schedules of many people reflected their reliance on the remaining 171 days until filing, and it became a practical impossibility to undo those adjustments made in good faith to return to a deadline of 81 days. Counsel for Mr. Roof explained that other commitments had been made, which would make filing a professionally responsible § 2255 motion difficult if not impossible. Ms. Elleman has made several other efforts since January to resolve this disagreement, even by substituting a compromise date between the April and July dates, to no avail.

---

[4] *See e.g. United States v. Kelly,* 337 F.3d 897 (7th Cir. 2003) (a defendant's substantial breach of an unambiguous term of a plea agreement frees the government to rescind the deal)

[5] *See e.g. United States v. Katana Racing, Inc.*, 75 F.4th 1346 (Fed. Cir. 2023) (the government acknowledging that misconduct could render a statute of limitations waiver void, but asserted that no such misconduct was alleged and the defendant's waiver was a voluntary, unilateral action that the government relied upon under the doctrine of equitable estoppel); *see also United States v. Spector,* 55 F.3d 22 (1st Cir. 1995) (assuming principles of contract or estoppel may sometimes be useful in analyzing a waiver); *United States v. Richards,* 925 F. Supp. 1097, 1101 (D.N.J. 1996) (finding waiver of statute of limitations are a pretrial agreement like plea agreements, and as plea bargains are governed by the law of contracts, the same principles should be applied to a waiver agreement).

<u>ARGUMENT</u>

**A.    The District Court Has The Authority To Schedule Proceedings In This Case In Light Of The Disputed SOL Date**

District courts have broad authority to schedule cases and set their dockets. *See United States v. Robinson,* 390 F.3d 833 (4th Cir. 2004) (recognizing that "a trial court possesses broad discretion on matters of scheduling and, more specifically on matters relating to granting or denying continuances") (citing *Morris v. Slappy,* 461 U.S. 1, 11 (1983)). This court should simply delay scheduling any answer to the motion until after the filing of the corrected § 2255 motion by the July 21, 2025 agreed upon deadline.

**B.    Awaiting The Corrected § 2255 Motion Before Scheduling Other Pleadings in the Case  Is The Only Way To Ensure Fairness And Judicial Efficiency**

Because the circumstances here are unusual, the remedy Mr. Roof requests is unusual. The government's attempt to rescind its agreement for a limited waiver of their statute of limitations defense creates some uncertainty about when the § 2255 motion is due. Accordingly, in an abundance of caution, counsel for Mr. Roof will file a § 2255 motion by April 18, 2025. Counsel will subsequently file a corrected § 2255 motion by July 21, 2025, which will include any materials that could not be finalized by April 18.

Although counsel's position is that Mr. Roof's § 2255 motion is due July 21, 2025, the stakes for Mr. Roof could not be higher and counsel must take steps necessary to protect their client's interests. Statutes of limitations are strictly construed by the courts. Courts have enforced statutes of limitations in the post-conviction context where counsel filed the motion merely hours late. *See Johnson v. McBride*, 381 F.3d 587 (7th Cir. 2004) (Mr. Johnson was executed with no merits ruling on post-conviction motion mailed prior to expiration of statute of limitations but

not received until after its expiration).[6] As such, due to the government's unexpected attempt to revoke the parties' agreement, counsel cannot risk jeopardizing Mr. Roof's rights by simply ignoring the date the government now insists is the deadline.

In order to protect Mr. Roof's rights, counsel must file a § 2255 motion on or before April 18, 2025, but plan to file a corrected copy on or before July 21, 2025 as necessary. Counsel moves that any corrected copy not be construed as either an amendment or as any second or successive motion, as July 21 is the proper deadline, and an opportunity to amend should be available after discovery is complete.[7] In the meantime, this court should delay scheduling any answer to the motion until after the filing of the corrected § 2255 motion by the July 21, 2025 agreed upon deadline.

### C. Granting of this motion will not result in prejudice to the public, the government, or any other interested parties, as it is effectively only a temporary (less than 3-month) delay in the proceedings

Granting this motion will not prejudice the government. Allowing Mr. Roof to file his a corrected § 2255 motion on or before July 21, 2025, will allow the government to begin reviewing the §2255 and preparing its responses without penalizing undersigned counsel for relying on the timeline the government committed to. The need for finality cannot surpass the necessity of careful and thoughtful review of claims in this case of the utmost seriousness.

---

[6] *See also* Death Penalty Information Center, *The Human Cost of Missed Deadlines,* https://deathpenaltyinfo.org/policy-issues/policy/death-penalty-representation/the-human-cost-of-missed-deadlines.

[7] It is not uncommon for courts with capital § 2255 cases to entered scheduling orders anticipating the government's answer follows discovery or the government is granted a lengthy time by which to file a response. *See, e.g.*, *United States v. Lawrence*, 2:15-cv-3060 (S.D. Ohio) Dkt. No. 341 (ordering discovery litigation to precede an answer by the government); *Kadamovas v. United States,* No. 2:23-cv-8289, Dkt. No. 4 (C.D. Cal. Nov. 3, 2023) (providing government with two years to answer § 2255 motion); *Mikhel v. United States,* No. 2:23-cv-8403, Dkt. No. 9 (C.D. Cal. Nov. 3, 2023) (same); *Hall v. United States*, 4:21-cv-8001, Dkt. No. 76 (W.D. Mo. June 10, 2024) (giving the government 10 months to answer § 2255 motion).

CONCLUSION

For the foregoing reasons, the Court should grant Mr. Roof permission to file a corrected

§ 2255 motion in this matter on or before the agreed upon Statute of Limitations date of July 21,

2025, and delay scheduling any response to the motion until after that date.


Dated April 17, 2025                                    Respectfully submitted,

                                                        /s/  Jill E.M. HaLevi
                                                        Jill E.M. HaLevi
                                                        Mediation and Legal Services
                                                        102 Broad Street, Suite C
                                                        Charleston, SC 29401
                                                        843-819-0557
                                                        E-Mail: jill@charlestonmediator.com


                                                        /s/ Angela S. Elleman
                                                        Angela S. Elleman
                                                        Chief, § 2255 Unit
                                                        Indiana Federal Community Defenders
                                                        111 Monument Circle, Suite 3200
                                                        Indianapolis, IN 46204
                                                        Phone: 317-383-3520
                                                        E-Mail: angie_elleman@fd.org