IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-472-RMG |
| | ) | |
| Dylann Storm Roof, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| | ) | |

This matter comes before the Court on Defendant's motion to reconsider the denial of the motion to recuse or to authorize additional proceedings before a judge from out of state. (Dkt. No. 1054). By way of background, the motion to recuse was based on an allegation that United States District Judge David Norton steered the assignment of this case to the undersigned because Judge Gergel "wanted to preside over the case." (Dkt. No. 1049 at 1). In response to the motion, Judge Norton submitted a declaration stating that he "was not involved in any way in the assignment of the *Roof* case to Judge Gergel" and "did not communicate with Chief Judge Wooten or Judge Gergel prior to the assignment of the case." (Dkt. No. 1052, ¶ 4). Chief Judge Terry Wooten, who made the assignment of the case to the undersigned, submitted a declaration stating that "[a]t no time did Judge Gergel request of me that Roof's case be assigned to him" and "[n]o other judge had any role in the assignment of the Roof case other than me, acting in my role as Chief Judge." (Dkt. No. 1051, ¶ 5). Judge Wooten further stated that "[a]ny assertion that Judge Gergel sought assignment of the Dylann Roof case to himself is not accurate nor a credible assertion." (*Id*., ¶ 7). Confronted with the clear, unqualified declarations from Judge Norton and Judge Wooten that there was no credible basis for the motion to recuse, defense counsel has now accused these district

1

judges of misconduct and moved to have a district judge from out-of-state conduct an evidentiary hearing on this matter. (Dkt. No. 1054).

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Assoc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Saint Annes Dev. Co. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting *Am. Canoe*, 326 F.3d at 514–15); *see also Fayetteville Investors v. Commercial Builders*, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991) (interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires"). While "[t]he Fourth Circuit has made clear that standards governing reconsideration of final judgments are not determinative of a Rule 54(b) motion, ... courts have appropriately considered those factors in guiding the exercise of their discretion under Rule 54(b)." *TomTom, Inc. v. AOT Sys. GmbH*, 17 F. Supp. 3d 545, 546 & n.2 (E.D. Va. 2014) (citing cases). These courts therefore "generally do not depart from a previous ruling unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" *Id.* (citing *Am. Canoe*, 326 F.3d at 515). Such issues "rarely arise," and motions to reconsider are rarely granted. *Id.* Courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018) ("As we have noted on more than one occasion, a prior decision does

2

not qualify for the third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong.").

The Court has fully addressed the motion to recuse in its original order and finds no basis for reconsideration or additional proceedings based on Defendant's original motion or the motion to reconsider. No new material facts have emerged to support the claims asserted in the original motion, no changes in the law have occurred, the original decision was not clearly erroneous, and the order would not produce manifest injustice. Consequently, the motion to reconsider and to conduct additional proceedings before an out of state judge is denied. (Dkt. No. 1054)

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

April 18, 2025  
Charleston, South Carolina