IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DYLANN STORM ROOF, | Criminal No. 2:15-cr-00472-RMG<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO FILE PORTIONS OF § 2255 MOTION AND EXHIBITS UNDER SEAL** |

The United States hereby responds to Defendant Dylann Storm Roof's Motion to File Portions of § 2255 Motion and Exhibits Under Seal (Dkt. No. 1055-1). For the reasons set forth below, the Government does not currently oppose Defendant's motion.

On April 17, 2025, Defendant filed a motion to vacate his sentence under § 2255 (Dkt. 1063) along with 171 supporting Exhibits (Dkt. Nos. 1057 & 1058). Defendant has redacted portions of his § 2255 motion and filed several of the exhibits offered in support under seal. Defendant maintains that portions of his § 2255 motion that allege juror misconduct should remain redacted and that the supporting exhibits should remain under seal to protect the privacy interests of the jurors involved and to avoid the possibility of tainting potential witnesses who may be required to testify regarding the alleged misconduct. On April 18, 2025, this Court directed the Government to file a response to Defendant's motion to seal (Dkt. No. 1060).

"[A] district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.,* 743 F.2d 231, 235) (4th Cir. 1984)). Moreover, courts have recognized that it is often appropriate to maintain

1

under seal the "personal identity and very private information" that is "often revealed during the jury selection process." *United States v. Runyon*, No. 4:08CR16-3, 2015 WL 1548989, at *2 n.3 (E.D. Va. Apr. 7, 2015). While the Government does not concede that it will be necessary to call witnesses regarding Defendant's juror misconduct allegations, the Government agrees with Defendant that the information contained in his § 2255 motion regarding particular jurors is private and sensitive.

The Government is mindful of the public's well-recognized right of access to criminal proceedings and filings, *see, e.g., Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980); *Nixon v. Warner Communications, Inc.,* 435 US. 589 (1978)*; Doe v. Public Citizen,* 749 F.3d 246, 265-66 (4th Cir. 2014), and acknowledges that it may be appropriate to unseal some or all of the information at a later date, *see* ECF No. 953 (unsealing documents following conclusion of the federal trial and Defendant's guilty plea in state court). At this point, however, the Government does not object to Defendant's motion or the scope of the information he seeks to maintain under seal.

## **CONCLUSION**

For the reasons set forth above, the Government does not object to Defendant's Motion to File Portions of § 2255 Motion and Exhibits Under Seal.

Respectfully submitted,

        BENJAMIN N. GARNER
        Attorney for the United States
        Acting under Authority Conferred by 28 U.S.C. § 515

By: *s/Christopher B. Schoen*
    Christopher B. Schoen
    Assistant U.S. Attorney
    D.C. Bar No. 11421
    55 Beattie Place, Suite 700
    Greenville, SC 29601
    (864) 282-2100

    Mary J. Hahn
    Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    150 M Street NE/7.1108
    Washington, DC 20002
    (202) 532-8176

    Aaron J. Stewart
    Trial Attorney
    U.S. Department of Justice
    Capital Case Section
    1331 F Street NW
    Washington, DC 20530
    (202) 353-4385

April 24, 2025