IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DYLANN STORM ROOF, | Criminal No. 2:15-cr-00472-RMG<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE CORRECTED § 2255 MOTION** |

The United States hereby responds to Defendant Dylann Storm Roof's Motion for Leave to File Corrected § 2255 Motion (Dkt. No. 1056). Defendant's motion should be denied in light of the filing of his voluminous § 2255 motion, with nearly two hundred exhibits, and his failure to establish any basis for equitable tolling for any claims not already included in that motion. While Defendant asserts that this Court should allow him a second chance to file his motion, he fails to provide any explanation of the nature of the additional claims that he plans to present in the future or any evidence showing those claims could not have been presented by the statutory deadline. The Court should therefore decline Defendant's invitation to issue what would be essentially an advisory opinion on the timeliness of additional claims that are not currently before the Court.

## I.     OVERVIEW OF RELEVANT PROCEDURAL HISTORY

Defendant is an avowed white supremacist who shot and murdered nine African Americans while they prayed during a Bible study. He was convicted on nine counts of hate crimes resulting in death, three counts of hate crimes involving an attempt to kill, nine counts of obstruction of exercise of religion resulting in death, three counts of obstruction of exercise of religion involving an attempt to kill and use of a dangerous weapon, and nine counts of use of a firearm to commit

murder during and in relation to a crime of violence. (Dkt. No. 817 at 1-4). The jury imposed a sentence of death on all capital charges. (Dkt. No. 871 at 18). Defendant's conviction and sentence were affirmed on appeal, *see United States v. Roof*, 10 F.4th 314, 331 (4th Cir. 2021), and the Supreme Court denied his petition for writ of certiorari on October 11, 2022.

Defendant's motion to vacate his sentence was due by October 11, 2023, but the Government agreed to three extensions of that deadline, ultimately setting a deadline of April 18, 2025. (Dkt. Nos. 1019, 1029, & 1034). Despite having more than two years to prepare a filing, Defendant sought an additional six-month extension on December 12, 2024. (Dkt. No. 1056-3 at 3). The Government declined the requested extension but did indicate a willingness to agree to a final extension of 90 days, making the new deadline July 21, 2025. (Dkt. No. 1056-2). Defense counsel drafted a letter memorializing the extension and provided it to the Government for authorization on January 15, 2025.

On January 20, 2025, the President of the United States signed Executive Order 14164, "Restoring the Death Penalty and Protecting Public Safety," to ensure that our laws authorizing capital punishment are faithfully implemented. Four days after the President's executive order, counsel for the Government signed and returned the defense counsel's letter regarding the requested extension. (Dkt. No. 1039-1). But three days later, before the letter had been filed, counsel for the Government informed Defendant that the "United States Attorney's Office d[id] not have authority to extend the filing deadline beyond April 18, 2025," and as a result, the tolling agreement was inoperable. *See* (Dkt. No. 1040-1 at 1). On April 17, 2025, Defendant filed a motion to vacate his sentence under § 2255 (Dkt. Nos. 1057 & 1058) and also filed this motion, requesting permission to file a "corrected" petition for § 2255 relief by July 21, 2025.

2

## II.   ARGUMENT

Defendant asserts that this Court has the authority to set deadlines for § 2255 motions outside the strict terms of the one-year period of limitations that controls such filings. Although Defendant timely filed an extensive § 2255 motion, he attempts to justify a belated future filing by arguing it will not prejudice the Government, the public, or any other interested parties. (Dkt. No. 1056-1 at 4-6). Defendant fails to justify such a course, and the Court should deny his motion.

In the face of a controlling statute, this Court lacks the authority to set prospective deadlines for pursuing § 2255 relief. Though the Government can waive application of the statutory deadline, the Court can only excuse violations of the deadline in narrow circumstances, namely, where it finds that Defendant has demonstrated that unforeseen circumstances would make it "unconscionable" to enforce the limitation period and would result in "gross injustice." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). At this juncture, Defendant has failed to demonstrate any basis that would satisfy this exacting standard. Nor can he justify the pending request for an extension of time based on a speculative claim that such circumstances will exist on July 21, 2025—his proposed filing date for the "corrected" § 2255 motion. In essence, he invites this Court to speculate that it might make such findings in July, yet fails to specify in what way that future filing will differ from the already-filed § 2255 motion.

### A. Statute of Limitations under § 2255

Title 28 U.S.C. § 2255(f) imposes a one-year statute of limitations on motions to vacate a sentence under § 2255. The period begins to run from the latest of

  **(1)** the date on which the judgment of conviction becomes final;

  **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

The limitations period can be waived. *See Miller v. United States*, 735 F.3d 141, 143 (4th Cir. 2013) (noting government's waiver of § 2255(f)'s statute of limitations). Courts have also determined that the statute of limitations can be subject to equitable tolling where a defendant has "pursu[ed] his rights diligently" but "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The extraordinary circumstances must be "beyond [the defendant's] control or external to his own conduct," and must prevent timely filing. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

    **B. Defendant cannot establish a basis for tolling the statute of limitations.**

Though Defendant frames his motion as one to file a "corrected" § 2255 motion, he actually seeks to extend the statute of limitations until July 21, 2025. As Defendant acknowledges, the concept of a "corrected" § 2255 motion arises almost solely in *pro se* cases, when courts sometimes allow *pro se* petitioners a chance to correct deficiencies in their motions. *See* (Dkt. No. 1056-1 at 2 n.3). And Defendant expressly disclaims any desire for this Court to construe his subsequent § 2255 motion as "amended" under Fed. R. Civ. P. 15 or as successive under § 2244. *Id.* at 2 n.2.

However, the Defendant has not yet flagged any technical deficiencies in Defendant's motion that might justify correction as in those other cases, much less has he shown—as a party represented by numerous attorneys—that he should receive the grace accorded to *pro se* litigants. Moreover, Defendant has not established that any future § 2255 motion will not, in fact, amount

4

to an amended or successive filing. Those determinations require an analysis of any future motion and the circumstances surrounding its filing. Thus, even though Defendant characterizes such future filing as "corrected," the Government can only conclude that Defendant is seeking an extension of time to file another § 2255 motion that adds claims or expands upon those raised in the April 17, 2025 filing. Such a filing would be untimely, unless Defendant can show a basis for equitable tolling of the statute of limitations. The Court should deny this speculative request because Defendant cannot presently establish a basis for tolling the statute of limitations, nor can the Court speculate today about what additional information Defendant seeks to add to his § 2255 motion and what circumstances, if any, would justify a belated filing in July 2025 or any other point in the future.

Defendant's period of limitation began to run on October 11, 2022, when his sentence became final. The Government later agreed to extend the ensuing October 11, 2023 deadline, but its acquiescence to defense requests did not equitably toll the due date, as it did not impede submission even if it allowed Defendant to take additional time. *Cf. Sosa*, 364 F.3d at 512 (restricting equitable tolling to "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result" (internal quotes omitted)). Likewise, the Government's recission of a tentative agreement to waive additional time created no obstacle to filing in a timely manner. *See Jones v. United States*, No. CIV. 1:04CV223, 2007 WL 2789227, at *3 (N.D.W. Va. Sept. 24, 2007) (Government's failure to file a Rule 35 motion, alleged breach of a plea agreement, did not create an impediment to the filing of the § 2255 motion because the "petitioner could have filed a § 2255 motion anytime he wanted.").

5

The Government's initial indication that it would accede to July filing may have temporarily led Defendant to overestimate the time available to him, but it did not impede him from completing his motion. Defendant has not, to this point, borne any obligation to demonstrate equitable tolling. However, should he attempt to submit another § 2255 motion, the law will oblige him to identify extraordinary circumstances beyond his control that prevented him from filing before April 18, 2025. *Sosa*, at 512.

At present, it does not appear that Defendant could establish equitable tolling for a future § 2255 motion. As Defendant admits, counsel spent the last year pursuing clemency. (Dkt. No. 1056-1 at 3). He made that choice without any agreement by the Government to extend the deadline past April of 2025. Counsel independently prioritized pursuit of relief from the Executive Branch and cannot show that circumstances outside their control waylaid them from seeking remedies from the Judicial Branch. Indeed, counsel prioritized clemency despite regulations that encouraged precisely the opposite strategy. *See* 28 C.F.R. § 1.10 ("No petition for reprieve or commutation of a death sentence should be filed before proceedings on the petitioner's direct appeal of the judgment of conviction and first petition under 28 U.S.C. 2255 have terminated."). And while Defendant's motion alleges that his counsel have not been able to "obtain all anticipated declarations nor complete all claims for the § 2255 motion before April 18, 2025," (Dkt. No. 1056-1 at 2), he fails to provide even a hint about the nature of these claims, their number, what anticipated declarations are outstanding, or any other information about what he intends to file.[1]

---

[1] Although Defendant claims that certain experts could not finalize reports, the filed § 2255 motion does not identify any such experts. Notably, the filing includes several reports by experts that appear to have completed their evaluations and their reports weeks, or even months, ago. *See, e.g.*, (Dkt. No. 1057-1—1057-5).

To the extent the Government rescinded an agreement to provide Defendant with still more time for his § 2255 motion, he cannot show that its reversal prevented him from filing his brief before April 18, much less July 21, 2025. Just 17 days in January elapsed between the date on which the Government indicated that it was open to a 90-day extension and its rescission, and Defendant fails to offer any specific explanation how that brief episode prevented him from filing a complete request for collateral relief by April 18, 2025. The completeness of Defendant's filing undermines the argument further. He filed a 379-page motion to vacate his sentence, accompanied by 171 exhibits, a day before the previously agreed-upon deadline.

The Government does not doubt that the capable defense attorneys on this case could, given another 90 days, add to the exhaustive brief they have already prepared. But the legal restrictions on their ability to do so do not constitute some unforeseeable misfortune that justifies ignoring the one-year period of limitations under § 2255(f): they reflect the Antiterrorism and Effective Death Penalty Act's ("AEDPA") intent to "ensure greater finality of state and federal court judgments in criminal cases." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004) (citing AEDPA); *see also Williams v. Taylor*, 529 U.S. 420, 436 (2000) ("AEDPA's purpose [is] to further the principles of comity, finality, and federalism").

Finally, Defendant cannot succeed in extending his filing deadline on a mere assertion that no party will suffer prejudice.[2] There is no recognized exception to § 2255(f)'s limitations period based on a lack of prejudice. At one time the Sixth Circuit applied a multipart test for equitable tolling that did consider prejudice to a respondent, *Dunlap v. United States*, 250 F.3d 1001 (6th

---

[2] The Court has directed the Government to identify any prejudice it would suffer if the Court equitably tolled the statute of limitations for 17 days. While the Government's position is that prejudice is not a factor to be considered in evaluating the propriety of equitable tolling, the Government states that it will not suffer prejudice should the Court decide to toll the deadline for that time period.

7

Cir. 2001), but the Sixth Circuit later abandoned that test. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (finding the *Dunlap* test was replaced by the test articulated in *Holland v. Florida*, 560 U.S. 631 (2010)). The First Circuit's multipart test which also considered prejudice, *see Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007), suffered the same fate. *See Holmes v. Spencer*, 822 F.3d 609 (1st Cir. 2016) (noting the abrogation of *Trapp* in light of *Holland*). The Fourth Circuit applies the *Holland* test and does not reference prejudice. *See, e.g., Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014).

On the record before this Court, no stated grounds presently justify a request for three additional months in which to supplement, expand, and refile Defendant's § 2255 motion. To the extent Defendant opts to file another motion in the future, he can attempt to justify its timing then, based on the circumstances that may have arguably precluded him from filing it earlier. But as of this date, the Court simply does not have the required information to reach that issue or grant Defendant prospective relief.

## **CONCLUSION**

The Court should not allow the filing of a "corrected" § 2255 motion, as it would amount to an unsupported extension of Defendant's motion deadline under § 2255(f).

        Respectfully submitted,

        BENJAMIN N. GARNER
        Attorney for the United States
        Acting under Authority Conferred by 28 U.S.C. § 515

By: *s/Aaron J. Stewart*
    Aaron J. Stewart
    Trial Attorney
    U.S. Department of Justice
    Capital Case Section
    1331 F Street NW
    Washington, DC 20530
    (202) 353-4385

    Christopher B. Schoen
    Assistant U.S. Attorney
    D.C. Bar No. 11421
    55 Beattie Place, Suite 700
    Greenville, SC 29601
    (864) 282-2100

    Mary J. Hahn
    Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    150 M Street NE/7.1108
    Washington, DC 20002
    (202) 532-5187

April 24, 2025