IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DYLANN STORM ROOF | Case No. 2:15-cr-00472-RMG |

**GOVERNMENT'S RESPONSE REGARDING MATERIALS RELATING TO DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**

Pursuant to this Court's August 14, 2026, Order (Dkt. No. 1130), which invited challenges to documents submitted in support of the parties' principal pleadings under 28 U.S.C. § 2255 (Dkt. Nos. 1077, 1086, 1109), the United States respectfully submits these legal objections to materials referenced in Defendant's § 2255 Motion and Reply.

**ARGUMENT**

As identified and explained below,[1] several of Defendant's exhibits to his Motion and Reply suffer from fatal evidentiary flaws that should persuade this Court to disregard them. "The Federal Rules of Evidence generally apply in a § 2255 proceeding, except to the extent that '[a] federal statute or a rule prescribed by the Supreme Court may provide for admitting or excluding evidence independently from'" them. *Jordan v. United States*, 552 F. Supp. 3d 575, 579 n.2 (S.D.W. Va. 2021) (citing, inter alia, *Castro v. United States*, 272 F. Supp. 3d 268, 275 (D. Mass. 2017) and *United States v. Scott*, 576 F. App'x 409, 415 (5th Cir. 2014)).

[1] Consistent with its earlier approach, the United States cites documents using their internal pagination. (*See, e.g.*, Dkt. No. 1086 at 4 n.1.)

Exhibit 49, an unsworn memorandum, purports to summarize an interview of Amy Cradock, the mental health supervisor at the Charleston Detention Center. (Ex. 49; Dkt. No. 1077 at 157, 196.) The memo consists of Cradock's extrajudicial statements upon which Defendant relies for the truth of the matter asserted. (Dkt. No. 1077 at 157, 196.) In short, the document constitutes inadmissible hearsay that this Court should refuse to consider. *See* Fed. R. Evid. 802.

Exhibit 50, an investigative report, summarizes an FBI interview of Michael Bixby, an inmate who interacted with Roof at the Charleston County Detention Center. (Ex. 50; Dkt. No. 1077 at 155, 196.) Defendant relies on these statements for the truth of the matter asserted. (Dkt. No. 1077 at 155, 196.) Recitations of a citizen's statement to police do not satisfy any exception to the hearsay rule. *See United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006).

Exhibit 51, an investigative report, summarizes an interview of Elijah McPherson, a Charleston County correctional officer. (Ex. 51; Dkt. No. 1077 at 155, 196.) The document attributes out-of-court statements to McPherson, and Defendant relies on them for the truth of the matter asserted. (Dkt. No. 1077 at 155, 196.) The Court should disregard this inadmissible hearsay.

Exhibit 53, a memorandum, purports to summarize interviews conducted by one of Defendant's attorneys with employees of the Charleston County Detention Center. (Ex. 53; Dkt. No. 1077 at 155, 196.) The exhibit also includes an "interview form" completed by an employee, summarizing a supposed conversation between him and Defendant. Defendant relies on these statements for the truth of the matter asserted, though they patently constitute hearsay this Court should disregard. (Dkt. No. 1077 at 155, 196.)

Exhibit 56, a news article, recites an interview with the jury foreperson in this case. (Ex. 56; Dkt. No. 1077 at 3, 40, 45, 248-249.) The document consists of extrajudicial statements attributed to the foreperson upon which Defendant relies for the truth of the matter asserted. (Ex.

56; Dkt. No. 1077 at 3, 40, 45, 248-249.) Such patent hearsay concerning a juror's impressions should not inform the Court's decision in this case. *See Green v. Baca*, 226 F.R.D. 624, 637-638 (C.D. Cal. 2005). Indeed, this Court could not, as a general matter, consider any mention of the jury's mental processes, even if offered as sworn testimony. *See* Fed. R. Evid. 606(b); *Warger v. Shauers*, 574 U.S. 40, 51-52 (2014). Additionally, this unsworn document contains inaccuracies even Defendant recognizes, as he admits the article "misquoted" supposedly "extraneous" information. (Dkt. No. 1077 at 40 n.9.)

Exhibit 105, a report completed by the Charleston County Sheriff's Office, provides a basis for a claim that Defendant suffered an attack inside a detention center by another inmate. (Ex. 105; Dkt. No. 1077 at 155-156.) The report combines out-of-court statements from unattributed sources that Defendant relies on for the truth of the matter asserted. (Dkt. No. 1077 at 155.) The Court should disregard this wholly unreliable hearsay.

Exhibits 133, 135, 137, and 138 are police incident reports relating to a juror's cousin. (Exs. 133, 135, 137, 138; Dkt. No. 1077 at 30, 31.) Defendant cites these documents as support for a claim that the cousin was "convicted of" the crimes. (Dkt. No. 1077 at 30.) These reports rely on unattributed hearsay statements to police. They do not establish that any individual was convicted of any offense. At most, they might document probable cause to initiate a prosecution. (*See, e.g.*, Ex. 133 at 2 (noting subjects were "arrested for simple assault," transported, and "booked".) In any event, they amount to hearsay this Court should disregard.

Exhibits 206 and 207 are also police incident reports relating to another cousin of a juror. (Exs. 206, 207; Dkt. No. 1077 at 31.) As with Exhibits 133, 135, 137, and 138, these documents recount unattributed hearsay statements to police officers, and Defendant cites them as proof of the cousin's criminal arrest. (Dkt. No. 1077 at 31.) Accordingly, Defendant impliedly understands

these inadmissible hearsay documents fail to establish that any individual suffered a conviction for a crime. The Court should likewise disregard this inadmissible and irrelevant hearsay.

Exhibit 248 is another police incident report that Defendant relies on for the truth of the matter asserted; specifically, that a particular police officer worked the crime scene. (Ex. 248; Dkt. No. 1077 at 61.) This, too, is hearsay that should be disregarded.

**CONCLUSION**

Based on the foregoing reasoning and authority, this Court should refuse to augment the record in this case to embrace the documents identified above.

Dated: September 11, 2026

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: *s/ Everett E. McMillian*
Everett E. McMillian (#11791)
Assistant U.S. Attorney
401 West Evans Street, Suite 222
Florence, South Carolina 29501
843-667-3991
Everett.McMillian@usdoj.gov