**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff,*<br>v.<br>**DYLANN STORM ROOF,**<br>*Defendant.* | **Case No. 2:15-CR-00472-RMG**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO FILE PORTIONS OF MOTION FOR DISCOVERY UNDER SEAL** |

**MEMORANDUM IN SUPPORT OF MOTION TO FILE PORTIONS OF MOTION FOR DISCOVERY UNDER SEAL**

Dylann Storm Roof, through counsel, has filed a motion for portions of his Motion for Discovery to be maintained under seal. Pursuant to Local Rule 49.01(B)(1), Mr. Roof provides the following information:

(a) Mr. Roof requests that certain portions of his Motion for Discovery be maintained under seal. These are the sections of his motion that detail the legal claims related to the jury.

(b) Sealing these portions of the Motion for Discovery is necessary to protect the privacy of the jurors. Mr. Roof's allegations involve information that is private and sensitive in nature, and he does not wish to publicly embarrass these jurors.

(c) There is no less drastic alternative that would afford adequate protection because Mr. Roof has redacted information about jurors that is private and sensitive. He has not sought to redact or withhold any other additional information. And he has proposed only redacting claims that reveal juror identities and details of their private lives. Mr. Roof does not intend to keep the entire document confidential. Consequently, the remedy Mr. Roof seeks is the least drastic alternative.

(d) The Fourth Circuit has held that "before a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). As to factor (1), this motion provides notice of Mr. Roof's request to seal, and Mr. Roof has no objection to the Court providing public notice pursuant to Rule 49.01(B)(4). As to factors (2) and (3), Mr. Roof is proposing the least drastic means of keeping this information out of the public eye. This information must be kept out of the public eye, since some of Mr. Roof's legal claims related to the jury involve information that is private and sensitive in nature. Although Mr. Roof does seek to have these claims fully vetted, he does not wish to publicly embarrass these jurors by disclosing information about their personal lives.

As his *Nonconfidential Descriptive Index*, Mr. Roof describes the information sought to be maintained under seal as follows: legal claims related to the jury, naming specific jurors, and describing potentially sensitive information about those jurors. This information is redacted from the publicly filed version of Mr. Roof's Motion for Discovery only.

As his *Confidential Information to be Submitted to Court in Connection with Motion to Seal*, Mr. Roof is submitting an unredacted version of his Motion for Discovery.

Pursuant to 49.01(B)(2)(b), undersigned counsel certifies compliance with Local Rule 49.01(B).

For the foregoing reasons, Mr. Roof respectfully requests that the Court grant an order authorizing him to file portions of his Motion for Discovery under seal.

**CONCLUSION**

WHEREFORE, Mr. Roof respectfully requests that the Court grant an order authorizing him to file portions of his Motion for Discovery under seal.

Respectfully submitted,

*/s/ Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
843-819-0557
E-Mail: jill@charlestonmediator.com

*/s/ Angela S. Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

Dated: September 23, 2026