**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **DYLANN STORM ROOF,** *Defendant.* | ) | **Case No. 2:15-CR-00472-RMG** **REPLY TO GOVERNMENT'S RESPONSE REGARDING MATERIALS RELATING TO DEFENDANT'S MOTION TO VACATE** |

**REPLY TO GOVERNMENT'S RESPONSE REGARDING MATERIALS RELATING TO DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**

Dylann Roof, through counsel, submits this reply to the Government's Response Regarding Materials Relating to Defendant's Motion to Vacate Under 28 U.S.C. § 2255. Dkt. 1131. The government asserts that "several of Defendant's exhibits to his Motion and Reply suffer from fatal evidentiary flaws that should persuade this Court to disregard them." Dkt. 1131 at 1. The government's argument, however, ignores the procedural posture of the case and Rule 7 of the Rules Governing Section 2255 Proceedings. The government does not dispute the documents' correctness, nor does it contest that they show a need for an evidentiary hearing at which non-hearsay evidence could be presented. Therefore, the government's hearsay objections are irrelevant at this procedural posture.

The Court's August 14, 2026 Order instructed the parties to assert any challenges to "material previously submitted to the Court," if the party seeks to challenge the material "*pursuant to Rule 7(c)*." Dkt. 1130 at 2 (emphasis added). As the Court noted in its Order, "Rule 7(c) requires the Court to 'give the party against whom the additional materials are offered an opportunity to admit or deny *their correctness*.'" Dkt.1130 at 2 (emphasis added) (quoting

*United States v. Hill*, 336 F. App'x 832, 843 (10th Cir. 2009)). Accordingly, this Order allows the parties to challenge the "correctness" of material submitted to the Court, not its admissibility. Dkt. 1130 at 2; Rule 7(c).

The government's Response Regarding Materials Relating to Defendant's Motion to Vacate Under 28 U.S.C. § 2255 did not challenge the "correctness" of any material submitted by Mr. Roof. Rather, the government challenges the materials on evidentiary grounds, alleging that each document constitutes hearsay.[1] But the question at this point is not whether the documents would be admissible in a court proceeding—it is whether they are correct. That is, whether the documents are in fact the documents that Mr. Roof purports they are. The government does not contest the correctness of the records.

Even when confronted with hearsay objections, courts have held that evidence submitted under Rule 7 is relevant to the question of whether the court should grant an evidentiary hearing. *See Cooper v. United States*, 367 F. Supp. 3d 780, 789 (E.D. Tenn. 2019) ("despite the hearsay objection, the Court finds that it is appropriate to consider the affidavits in this case in connection with its decision as to whether Plaintiff is entitled to an evidentiary hearing"); *see also United States v. Ixta-Salazar*, No. 8:08CR326, 2011 WL 5005991, at *4 (D. Neb. Oct. 20, 2011) (quoting 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 19.5, at 1001-03 (6th ed. 2011)) ("Rule 7 . . . relaxes the rules of evidence by giving the court

---

[1] The government cites to *Jordan v. United States*, 552 F. Supp. 3d 575, 579 (S.D.W. Va. 2021), which found that "[t]he Federal Rules of Evidence generally apply in a § 2255 proceeding, except to the extent that '[a] federal statute or a rule prescribed by the Supreme Court may provide for admitting or excluding evidence independently from' the Rules of Evidence. *See* FRE 1101(a), 1101(b), and 1101(e). The statutes and rules governing § 2255 actions do not address the assertion or waiver of the attorney-client privilege." *Id.* n.2. By contrast, the Rules Governing § 2255 actions do address what materials may be used to expand the record. Rule 7 of the Rules Governing Section 2255 Proceedings.

discretion to admit virtually all evidence that (1) 'relates to the petition'; (2) was in existence prior to the filing of the petition, or is tangible or 'real' evidence that was not created in anticipation of litigation, or is comprised of or supported by a sworn statement; and (3) is not already part of the record of prior proceedings in the case."); *Abdur'Rahman v. Bell*, 999 F. Supp. 1073, 1097 n.30 (M.D. Tenn. 1998) ("Rule 7 contemplates a relaxed application of the hearsay, best evidence, authentication, and other evidentiary rules under the Federal Rules of Evidence.") (citing Liebman, Federal Habeas Corpus Practice and Procedure, § 19.5, at 532 (2d ed. 1994)), *aff'd in part*, *vacated in part*, 226 F.3d 696 (6th Cir. 2000); *Frye v. Ayers*, No. CIV S-99-0628 LKKKJM, 2008 WL 4710775, at *2 (E.D. Cal. Oct. 22, 2008) (refusing to exclude document from record in case and noting that respondent can "raise hearsay objection later if petitioner uses the letter in a way that violates the hearsay rule.").

Each of the government's objections suffers from the same flaw, namely, they are not challenges to the correctness of documents, but challenges to admissibility, which is not relevant at this posture. As such, a review of each specific objection is unnecessary.[2] Nevertheless, in the interest of thoroughness, Mr. Roof is providing a response to each objection.

---

[2] Even if hearsay concerns were relevant under Rule 7, which they are not, the proper remedy is to grant a hearing, not to strike the documents. Rule 7 permits consideration of affidavits and similar materials despite evidence rules against hearsay, because Rule 7's purpose is to help the court decide *whether to hold an evidentiary hearing*, not to substitute "paper" proof for live testimony. Where credibility or reliability is at issue, "resolution on the basis of affidavits can rarely be conclusive," *Raines v. United States*, 423 F.2d 526, 539 (4th Cir. 1970), and the habeas rules embody a "general preference for live testimony." *Hand v. Houk*, 2009 WL 2916909 (S.D. OH, Sept. 3, 2009) at *1 (citing 5 J. Wigmore, Evidence § 1364 (Chadbourn Revision 1974); Ohio v. Roberts, 448 U.S. 56, 62–64 (1980); California v. Green, 399 U.S. 149, 157 (1970); *Crawford v. Washington,* 541 U.S. 36, (2004); *Melendez–Diaz v. Massachusetts,* 557 U.S.305 (2009). Any hearsay-related concerns the government raises therefore point toward the **need for an evidentiary hearing**, not toward the exclusion of Rule 7 materials.

- Exhibit 49, according to the government, "purports to summarize an interview of Amy Cradock, the mental health supervisor at the Charleston Detention Center," which the government calls "inadmissible hearsay." Amy Cradock has relevant information that she could testify to at an evidentiary hearing. The memorandum shows that she has such information, and establishes that she should be subpoenaed to testify at a hearing.
- Exhibit 50, according to the government, "summarizes an FBI interview of Michael Bixby, an inmate who interacted with Roof, which the government says "do[es] not satisfy any exception to the hearsay rule." Mr. Bixby can provide relevant testimony at an evidentiary hearing. The interview summary shows that he has such information, and establishes that he should be subpoenaed to testify at a hearing.
- Exhibit 51, according to the government, "summarizes an interview of Elijah McPherson, a Charleston County correctional officer, which the government again characterizes as "inadmissible hearsay." Mr. McPherson has relevant information that he could testify to at an evidentiary hearing. The interview summary shows that he has such information, and establishes that he should be subpoenaed to testify at a hearing.
- Exhibit 53, according to the government, "purports to summarize interviews conducted by one of Defendant's attorneys with employees of the Charleston County Detention Center," which the government again characterizes as "hearsay this Court should disregard." Both the attorney who conducted and summarized these interviews and the interviewees have relevant information that they could testify to at an evidentiary hearing. The interview summary shows that they have such information, and establishes that they should be subpoenaed to testify at a hearing. Indeed, to the extent that the government's concern is about potential discrepancies between the summaries and what

the employees would testify to, that is precisely the purpose of live witness testimony and cross-examination.

- Exhibit 56, a news article with statements attributed to the jury foreperson, is characterized by the government as "patent hearsay" that is "concerning a juror's impressions." As to the hearsay objection, the jury foreperson, other members of the jury, and likely other individuals have information that they could testify to at an evidentiary hearing. The article summary shows that they have such information, and establishes that they should be subpoenaed to testify at a hearing. As to whether the information violates the no-impeachment rule, the government asserts that it does, but in fact the statements reflect potential outside influence on jury deliberations. In any event, this is an issue for the Court to decide. Again, it is not an argument about the "correctness" of the exhibit.
- Exhibit 105, a report by the Charleston County Sheriff's Office, is characterized by the government as "wholly unreliable hearsay." Employees of the Sheriff's Office and people who were in custody at the same time as Mr. Roof have relevant information that they could testify to at an evidentiary hearing. The report shows that they have such information, and establishes that they should be subpoenaed to testify at a hearing.
- Exhibits 133, 135, 137, 138, 206, and 207 are police incident reports, which the government characterizes as "rely[ing] on" and "recount[ing]" "unattributed hearsay statements to police." But the police officers, the people who are the subject of the reports, and witnesses identified in the reports, all have relevant information that they could testify to at an evidentiary hearing. The police report shows that they have such information, and establishes that they should be subpoenaed to testify at a hearing. Additionally, or in the alternative, if discovery were authorized, Mr. Roof could subpoena

documents that more definitely prove his claims than the reports the government objects to as hearsay.

- Exhibit 248 is "another police incident report," which the government characterizes as "hearsay that should be disregarded." Again, the police report is offered to establish the existence of witnesses who could, at an evidentiary hearing, provide testimony about their own experiences and observations, which would not be hearsay.

These objections do not undermine Mr. Roof's central argument. The Court should authorize further factual development, including an evidentiary hearing, because Mr. Roof has made claims that, if true, would entitle him to relief. Indeed, he has gone a step further, by submitting documents supporting his factual allegations, which could be proven by additional records and/or sworn, in-court testimony.

Mr. Roof does not ask the Court to take his materials at face value. Rather, what Mr. Roof seeks is a hearing at which he will have the opportunity to present admissible evidence. The documents in question support his arguments and show that there is admissible evidence (such as witness testimony) that could be presented at a hearing.

Further, in addition to ignoring the plain language of Rule 7(c)—which discusses the correctness of documents, not whether they are admissible, or the best evidence—the government's response also ignores the language of Rule 7(b) of the Rules Governing Section 2255 Proceedings. Rule 7(b) confirms that a variety of materials may be used to expand the record, "includ[ing] letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record." This list plainly includes materials that would not be

admissible under standard evidentiary rules (for example, affidavits are ordinarily inadmissible except in limited circumstances).

As such, the government has presented no valid objections pursuant to Rule 7(c). The government has not challenged the "correctness" of any document. To the extent the government is correct that these documents are hearsay or otherwise inadmissible, that is because of the limitations of a written submission. And indeed that is precisely why Mr. Roof seeks an evidentiary hearing. Live witnesses can provide first-hand accounts of events, lay the foundation for exhibits, and be cross-examined so their credibility and the weight of the evidence can be properly assessed. Therefore, the Court should deny the government's request to disregard some of the exhibits to Mr. Roof's motion.

Respectfully submitted,

*/s/Angela Elleman*
Angela S. Elleman
Chief, § 2255 Unit
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Phone: 317-383-3520
E-Mail: angie_elleman@fd.org

*/s/ Jill E.M. HaLevi*
Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29401
Phone: 843-819-0557
E-Mail: jill@charlestonmediator.com

Dated: September 23, 2026